CASE 5.—ACTION BY ALEXANDER LETCHER'S TRUSTEE AGAINST THE GERMAN NATIONAL BANK AND OTHERS.—May 19, 1909.

## Letcher's Trustee v. German Nat. Bank

Appeal from Kenton Circuit Court.

W. McD. Shaw, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Reversed.

1. Judgment—Conclusiveness—Persons Not Parties.—A judgment in an action by a trustee against a bank to compel the bank to issue a certificate of stock to such trustee, and pay dividends to him, is not conclusive against a former trustee who claims an interest in the stock, and who was not made a party to the action.

2. Trusts—Power to Remove—Trustee—Grounds.—The court which appoints a trustee has power to remove her and appoint another in her stead when she goes out of the jurisdiction of such court, and a proceeding to remove a trustee is one in rem, and notice to her of such proceeding by a constructive process is sufficient.

Letcher's Trustee v. German Nat. Bank.

3. Dismissal and Nonsuit—Defects as to Parties.—Where a trustee brings an action against a bank to compel the issuance to him of a certificate of stock in the bank and the payment of dividends to him, and fails to make a former trustee a party to the action, and such former trustee notifies the bank that she claims an interest in the stock in question, the action should not be dismissed for defect of parties, but the court should require such former trustee to be brought be-- fore the court by constructive process if she is outside the jurisdiction of the court, and the court may then make such order as the proof warrants.

4. Banks and Banking—Assignment of Certificate of Stock— Surrender and Reissue of Certificate—By-Laws.—A by-law of a national bank enacted pursuant to an act of Congress necessitating the production of an old certificate of stock before the issuance of a new certificate to take its place will not impair the authority of the chancellor to order the bank to issue a new certificate of stock where the one in possession of the old certificate after service of constructive process fails to appear.

5. Evidence—Documentary Evidence—Judicial Records.—The record of a court can not be proved by the deposition of a witness into which he copies excerpts from the record, but it can only be shown by a copy of the record properly certified.

6. Life Estates—Income and Accretions.—Where the income of certain property is to be paid over to one person for life with remainder to another, the life tenant is not entitled to the increase of the fund by reason of the fortunate invesments of the trustee of the fund.

WM. S LAWWILL for appellant.

R. H. TOMLINSON and BRECKINRIDGE & BRECKINRIDGE of Counsel.

## AUTHORITIES CITED.

Cook on Corporations, Vol. 1. Secs. 327, 325; Elliott on Private Corporations, Sec. 186; Cyc. Vol. 10, pp. 621-23-24; also p. 622; Bank of America v. McNeil, 10 Bush, p. 54; Comp. Stat. U. S., Sec. 5139; Hill on Trustees, star pages 290, 291, 302, 293, 294, and 159, 536; Rich. Adm'r. v. Spencer, 18 B. Mon. 465; Story's Equity, Vol. 1, Secs. 360-61.

ERNST, CASSETT & McDOUGALL for appellee.

## SUMMARY.

In conclusion, therefore, we claim:

First. That the pleadings in this case would not authorize a judgment in behalf of plaintiff, and that the exhibit filed with the petition, even if it contained averments omitted from the petition, could not be looked to to help out the petition. Miller v. McConnell, 26 R. 181.

Second. It is not shown by the depositions even, such as they are, that there was a proceeding in the Boyle Circuit Court which so far concluded the rights of Susan McKnight as to afford this defendant full protection in issuing a duplicate stock certificate, in place of the one outstanding and adversely held.

Third. The stock certificate is not lost, nor has it been shown that it is impossible to surrender the same. Plaintiff is simply endeavoring to take a short cut and to relieve himself from trouble, which he proposes to throw upon the defendant.

Fourth. The defendant can not be required, under the Statutes of the United States, to transfer the stock in question without the surrender of the original certificate, in a case where it is not shown that the certificate is lost or destroyed. U. S. Compiled Statutes, Sections 5136, 5139; Scott v. Pequonnock National Bank of Bridgeport, 15 Fed. 494; Hazard v. National Exchange Bank of Newport, 26 Fed. 94.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Susan McKnight died a resident of Boyle county in 1869. By her will, which was duly probated, she devised one-half of her estate to William J. Wright in trust for the use of her grandson Alexander Letcher, the income to be paid over to him during his life. If he died childless, the estate passed to Susan Wright, the wife of the trustee. If he died leaving children, the estate was to go to them. The trustee qualified and took possession of the estate, amounting to $1,513. He held it until his death in 1902. Susan Wright then qualified as trustee, executing bond with J. E. Bowman as her surety. She lived in Washington, D. C. Bowman lived in Springfield, Ohio. In

August, 1903, Letcher filed a suit in the Boyle circuit court, in which he sought to have the trustee removed on the ground that she was a nonresident of the state, and was not managing the estate properly.    Mrs, Wright was brought before the court by constructive process, and an order was entered removing her as trustee and appointing in her stead W. S. Lawwill. He was directed to take charge of the trust fund.  One thousand dollars of the trust fund had been invested by the original trustee in 10 shares of stock in the German National Bank of Covington.    Lawwill as trustee then brought this suit against the German National Bank, in which he sought to have the certificate held by Mrs. Wright canceled, and a new certificate issued to him as trustee.  He also prayed that the bank be directed to pay to him the dividends on the stock.  Mrs. Wright notified the bank that she claimed the stock as her property.  She was not made a party to the action.  The bank filed an answer in which it controverted the allegations of the petition, and pleaded that by a by-law of the bank enacted pursuant to the act of Congress a new certificate of stock could not be issued by it until the old certificate was produced and canceled.  The circuit court upon a submission of the case dismissed the plaintiff's petition, and he appeals.

If the court had rendered a judgment against the bank, that judgment would have been no protection to the bank when sued by Mrs. Wright, as she was not a party to the proceedings.  She had been appointed trustee by the Boyle circuit court, and the court which appointed her had jurisdiction to remove her, and to appoint another in her stead.  Courts of chancery have the power to remove a trustee who goes out of the jurisdiction.  Am. & Eng. Ency. of Law,

979. A proceeding to remove a trustee is a proceeding in rem and notice to her of that proceeding by constructive process was sufficient; for she qualified in the court and derived her power from its authority, and, in order for the court to revoke that authority, it was only necessary that she should have notice of the proceeding. But, when the trustee appointed in her stead seeks to obtain specific property, in which she claims an interest, she must be made a party to the suit, for the bank here was not a party to the suit in which she was removed as trustee and is not bound by the judgment in that case, and no right of Mrs. Wright against the bank can be affected by the judgment entered in that case. Yet the circuit court should not have dismissed the petition because Mrs. Wright was not made a party to the action. He should have required her brought before the court, and, when she is brought before the court, as she may be by constructive process, the court may make an order if the proof warrants it, directing the bank to pay to Lawwill as trustee the dividends on the stock. If Mrs. Wright appears in the action, he may require her to produce the certificate of stock which she now holds, and, if she does not appear, he may enter an order canceling her certificate of stock, and directing the bank to issue a certificate of stock to Lawwill as trustee. The bank cannot by its by-law tie the chancellor's hands or disable itself from performing its duties to others. This is a proceeding in rem. The bank is in this state. What the plaintiff seeks is simply a certificate evidencing his right, and this he may obtain in this suit against the bank when Mrs. Wright has been brought before the court by constructive process. The present certificate is to her as trustee.

There is a radical defect in the plaintiff's record as it now stands. He took the deposition of a witness, and had him to copy into his deposition certain excerpts from the record of the Boyle court. The court's record cannot be proved in this way. The only way in which the judgment of the Boyle circuit court can be shown is by a copy of the record properly certified. In the same way the records of the county court must be shown by authenticated copy. The reason for this rule is that, unless there is a complete transcript of the record, it cannot be known with certainty what the court decided or that it had jurisdiction of the parties.

We gather from the record that one object of the proceeding is to secure for Letcher what are termed the increments of the fund. The original trustee seems to have invested the money wisely. The stocks in which he invested it are now worth in the market much more than $1,513. Letcher is entitled to the income on the whole fund during his life, but he is not entitled to the increase of the fund by reason of the fortunate investments of the trustee. First Nat. Bank of Carlisle v. Lee, 66 S. W. 413; 23 R. 1897.

Judgment reversed, and cause remanded for further proceedings consistent herewith.