## Guthrie's Trustee, et al. v. Akers.

(Decided March 3, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division),

Life Estates—Income and Accretions.—The increase in the value of bank shares resulting from the action of the directors in setting aside part of its earnings to surplus and undivided profits, where such shares have paid a satisfactory dividend each year to the life tenant, belongs to the corpus of the estate, as does also the premium received upon the sale of said shares, over and above their book value.

HUMPHREY, MIDDLETON & HUMPHREY for appellants.

A. J. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing on Original Appeal; and Affirming on Cross Appeal.

B. F. Guthrie died in Louisville in April, 1891, leaving a large estate. His will contained a provision giving to his executor and trustee full power and authority to sell, transfer and deliver any or all of the stocks, bonds or securities belonging to the estate, and to invest and re-invest, from time to time, the proceeds of such sales, as also the income and accumulations of his estate, in other bonds and securities.

The will further provided that out of the net profits and income of the estate there should be paid by the

executor and trustee to his wife and daughter (to whom the estate was devised for life, with remainder to the children of the latter) certain sums for their support.

The widow is dead; and the daughter, the appellee herein, is sole life tenant of the estate. Her two infant children are the remaindermen.

At the time of his death, the testator was the owner of one hundred shares of the capital stock of the Citizens National Bank, of a par value of one hundred dollars per share. These shares were then worth one hundred and three dollars each, on the books of the bank, which had a capital stock of five hundred thousand dollars, and a surplus of fifteen thousand dollars.

From the date of the death of the testator, in 1891, to 1903, the bank each year paid a dividend of six per cent; in 1904 and 1905, it paid a dividend of seven per cent; in 1906, 1907, and 1908, it paid a dividend of eight per cent; in 1909, it paid a dividend of nine per cent; in 1910 and 1911, ten per cent, and in 1912 and 1913, it paid a dividend of eleven per cent.

During this same period, the bank also set aside to surplus and undivided profits the sum of three hundred and ninety-two thousand eight hundred and forty dollars, so that in October, 1913, the bank's total surplus and undivided profits was $407,840, making the book value of its shares $181,568 per share. The book value of the one hundred shares belonging to the estate on that date, therefore, was $18,156.80, or $7,856.80 more than the book value thereof at the death of the testator and vesting of the trust.

In October, 1913, these shares, with the consent of the appellee, were sold by the trustee for the sum of $24,000, or a premium of $5,843.20 over and above their then book value; and $13,700 more than their book value when the testator died.

Appellee thereupon filed, in the suit which had been instituted in the Jefferson Circuit Court to settle the estate (which suit had been continued on the docket of said court), her intervening petition, seeking to have the entire amount which was realized from the sale of said shares in excess of the book value thereof at the time of the testator's death and the vesting of the trust, to be set aside as income, only the value of the shares at the vesting of the trust to go to the corpus of the estate for re-investment.

Upon a trial thereof, the chancellor held that the sum of $7,856.80, the increase in the book value of said shares after the death of the testator, which was created by the action of the directors of the bank, in setting aside earnings to surplus and undivided profits, constituted income; and that the sum of $5,843.20, the premium which the shares brought over and above their book value at the time of the sale, together with the $10,300, the book value of the shares when the trust vested, belonged to the corpus of the estate. From that judgment, the trustee and the guardian ad litem for the infant remaindermen have appealed; and appellee, the life tenant, prosecutes a cross-appeal, her contention being that only $10,300, the book value of the shares when the trust vested, belongs to the corpus of the estate, and that the remainder of the proceeds is income; while appellants contend that the entire proceeds belong to the corpus of the estate, and should be re-invested.

It will thus be seen that the questions presented for adjudication are (1) whether the increase in the book value of the shares so sold, during the period from the vesting of the trust at the testator's death until the date of the sale of the shares, constitutes income, and therefore should go to the trustee's income account, and (2) whether the premium received upon the sale of said shares, in excess of their book value, constitutes income, or belongs to the corpus of the estate.

1. We will first take up the question of the proper disposition of the premium, that is, the enhancement in the value of the shares over and above their book value.

In First National Bank of Carlisle v. Lee, Trustee, 23 R. 1897, 66 S. W., 413, and in Coleman v. Grimes, 110 S. W., 349, it was held by this court that an increase in the value of real estate goes to the corpus of the estate, and not to the life tenant. The Lee case was followed in Letcher's Trustee v. German National Bank, 134 Ky., 24, 119 S. W., 236; and the latter case was followed in Bains v. Globe Bank & Trust Company, 136 Ky., 332, 124 S. W., 343, in both of which it was held that an enhancement in the value of bank shares belongs to the corpus of the estate, and not to the life tenant. In Whittingham v. Scofield's Trustee, 67 S. W., 846, 23 R., 2444, it was held that a premium received on the sale of certain bonds should go to the corpus of the estate. It is clear

that the enhancement in the value of the shares in excess of their book value at the time of the sale was a natural increase of, and belongs to the corpus of the estate, and is not subject to appropriation by or for the life tenant, as income.

2. As to the increase in the book value of the shares in question, which resulted from the action of the directors of the bank in setting aside a part of its earnings to surplus, a more difficult question is presented. It is conceded that the distribution of the earnings of a corporation among its shareholders is discretionary with its directors, acting in good faith. And, until a dividend has been declared by such directors so acting, the shareholder has no such legal claim upon the accumulated earnings of the corporation as would support an action against the corporation thereof. It is also conceded that the accumulated earnings of a corporation, before the declaration of a dividend, do not constitute income as between the life tenant and the remaindermen, in trust for whom shares in such corporation are held, so long as the shares remain a part of the trust estate.

But, it is contended by appellee that the sale of the shares by the trustee releases the income from the control of the corporation, and relieves it of the rule that holds it to be a part of, or belonging to, the corpus until a dividend is declared; that the act of the trustee in selling the shares operates to declare a dividend to have the same effect as a declaration of a dividend by the corporation. In support of this connection, a number of authorities are cited from other States, holding this to be the rule in those States. However, opposing counsel cites cases of as many other States holding the contrary. In other words, there is no unanimity among the States in respect of this rule, a number holding one way, and about the same number holding the other. This exact question has not heretofore been decided by this court.

The principle involved in the case of Hite's Devisees v. Hite's Executor, 93 Ky. 257; 20 S. W. 778, 14 R. 385, 40 Am. St. Rep. 189, 19 L. R. A. 173, is very similar to the one involved in the case at bar, though the facts there presented were not identical with those in this case.

In that case, this court held (1) that earnings will not be presumed to have accrued until a dividend therefrom is declared; (2) that the corporation alone has au-

thority to declare the dividend; and also in effect held (3) that if through any instrumentality an attempt is made to precipitate such accrual or to separate the earnings from the capital before such dividend is declared by the corporation, it will fail of its purpose, and this rule we approve.

This may seem to be placing a power in the corporation to enhance the interests of the remainderman, to the injury of the life tenant; but, on the other hand, if the trustee may sell the shares, and thus in effect declare a dividend, and so give to the life tenant all the proceeds of such sale in excess of the face value of the shares, as claimed by appellee herein that he may, it would produce the same result in reverse order; and if such power must be lodged either with the corporation or with the trustee, and it seems it must, it is better that it be vested in the corporation, which has the interests of all its shareholders in view, and not the interest of any particular group of them as might be the case with a trustee.

Appellee argues that if, until a dividend is declared by the corporation, the life tenant may not render subject to appropriation as income, the ratable proportion of the accumulated earnings of a corporation, by a sale of shares which are held in a trust of this character, power would thereby be vested in the board of directors of such corporation to beggar the life tenant and augment the corpus of the estate for the remaindermen.

On the other hand, to vest in the trustee, the power to determine the respective rights of the remaindermen and life tenant by a conversion of securities which are justifying the good judgment of the testator, by not only paying large dividends to the life tenant, but at the same time increasing the value of the corpus for the remaindermen, would be to deprive the remaindermen of the fruits of wise and fortunate investments, which, as the testator doubtless foresaw, or at least hoped, would be the subject of an accelerating increase in value and the source of accretions to the corpus of the estate, while at the same time yielding to the life tenant a satisfactory income.

While a state of facts such as is suggested by appellee is not here presented, as these shares have paid good dividends each year (an income far in excess of that received from the average trust fund where rate of return

must ever yield to safety of principal), yet, in the absence of express direction of the testator to the contrary, the accumulated earnings of a corporation, shares of which are held in a trust of this character, unless there is a declaration of dividends by the corporation, cannot be rendered subject to appropriation as income by the life tenant, by a sale of the shares for that purpose.

Under the rule enunciated, to entitle the life tenant to any part of the accumulated earnings of a corporation, it is essential that a dividend be declared by the corporation while the shares are held in the trust.

In this case there was no declaration of a dividend by the corporation; and as the shares have been sold by the trustee, appellee is not entitled to any of the proceeds of the sale; and, as the shares are no longer held in the trust, and no dividend that may hereafter be declared by the bank, can affect the trust, the only interest appellee can have in the proceeds of the shares is the income to be derived therefrom upon re-investment of such proceeds.

Judgment reversed on original and affirmed on cross-appeal; and cause remanded for proceedings consistent with this opinion. Whole court sitting.