## Commonwealth for Use and Benefit of State Highway Commission v. Gay et al.

(Decided Nov. 30, 1937.)

JOHN E. CAMPBELL for appellant.

W. E. FAULKNER, D. G. BOLEYN, and C. A. NOBLE for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

The Commonwealth of Kentucky, for the use and benefit of the State Highway Commission, instituted a proceeding in the Perry county court for the condemnation of a small parcel of land belonging to the appellees, Elizabeth Gay and Ida Gabbard, and also a small strip of land belonging to N. S. Gay and Martha Gay along public highway No. 15 in Perry county, for the purpose of widening the highway.

Commissioners were duly appointed by the court and directed to go upon the land of the owners named and report the value of the lands sought to be taken and used for the public purpose of building the road as required by law.

The commissioners reported that the lands taken belonging to appellees, Elizabeth Gay, and Ida Gabbard, was of the value of $600 and the value of the strip of land belonging to N. S. and Martha Gay was of the value of $25. Exceptions were filed to the report by appellees, and a trial on these exceptions were had before a jury as authorized by law in the county court,

and their verdict fixed the value of the land of Elizabeth Gay and Ida Gabbard at $800, but appellees N. S. Gay and Martha Gay were given nothing. From that judgment they appealed to the Perry circuit court, where, upon a trial upon the exceptions, Elizabeth Gay and Ida Gabbard were given $2,000 and N. S. Gay and Martha Gay were given $100; judgment was entered upon that verdict and this appeal followed.

Appellant contends that the appeal of the judgment from the county court to the circuit court was not taken as contemplated by law, because (1) the appeal bond was not signed by Elizabeth Gay and Ida Gabbard, the principals, but signed only by N. S. Gay and W. E. Faulkner, surety; (2) that the records of the county court were not filed in the circuit court with the bond or statement within the 30 days as required by law, from the 29th day of August, 1935, the date of the rendition of the judgment in the county court; (3) incompetent evidence and that the verdict of the jury was flagrantly against the evidence.

We will first consider contentions Nos. 1 and 2; that is, concerning the appeal from the county court to the circuit court.

Sections 839 and 840, Kentucky Statutes, so far as applies to the case at hand, is as follows:

"Either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days, and the appeal shall be tried de novo, upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided, and the payment to the owners of the amount due, as shown by the report of the commissioners when confirmed, or as shown by the judgment of the county court when the damages are assessed by said court, and all cost adjudged to the owner."

Section 840:

"The appeal from the county court shall be taken by filing with the clerk of the court to which the appeal lies a statement of the parties to the appeal, and a transcript of the orders of the county court, and thereupon the said clerk shall certify to the clerk of the county court that said appeal has been filed, and the clerk of the county court shall im-

mediately transfer the original papers to the clerk of the court to which the appeal is pending."

These sections must be read and construed together. It will be noted that when an appeal is taken from the county court to the circuit court a bond must be executed in the circuit court as required in other cases, within 30 days from the date of the judgment in the county court.

Section 724 of the Civil Code of Practice provides in part that a bond be made and executed before the clerk by one or more sufficient sureties to be approved by him to the effect that the appellant will satisfy and perform the judgment that should be rendered upon the appeal.

The signing of the bond by surety, accepted by the clerk of the court to which the appeal is made, is all that is necessary; in fact, the signing of the bond by the party or parties appealing is not necessary to the efficacy of the bond. It is the usual, and possibly the better, practice to have the principals sign the bond, but the failure to do so does not in any way destroy its legal effect. The main, if not the only object in requiring an appeal bond is to secure to the plaintiff in the judgment the payment of such judgment in costs and damages when awarded, unless it should be reversed on appeal. Harrison v. Bank of Kentucky, 3 J. J. Marsh. (26 Ky.) 375.

In the old case marked Anonymous, 3 Ky. (Hardin) 149, 156, Judge Trimble "stated in this cause (and it was assented to by the rest of the court) that on an appeal, or writ of error, it was not necessary for the party taking it, to execute bond himself. He was as much bound, without giving such bond, as with it. If the bond was executed by a sufficient security, it was all that was required."

It is the signing of the surety that in effect constitutes a bond when accepted by the clerk of the court. The principals in the bond are bound, regardless of the bond. Thus the point that the bond was void because not signed by the principals is not well taken. The failure to have the principals sign did in no way destroy the legal effect of the bond. It is admitted that the bond was signed by the surety before the clerk and accepted by the clerk within the 30 days after the rendi-

tion of the judgment in the county court, and it is further admitted that the statement that the law directs to be filed was also filed within the 30 days, and it is further admitted that the record in the county court that is authorized to be filed under section 840, Kentucky Statutes, supra, was not filed within that time or at all until about 5 days before the trial of the case in the circuit court. Then the question arises, Did the failure of the appellees herein and the clerk in not filing the record of the Perry county court in the Perry circuit court within 30 days destroy the effect of the appeal?

In the case of Kotheimer v. Louisville & Interurban R. R. Co., 89 S. W. 104, 28 Ky. Law Rep. 298, this question was passed upon, and this court said:

"The appeal may be taken to the circuit court by executing bond within 30 days, and shall be taken by filing with the clerk of the circuit court a statement of the parties to the appeal and a transcript of the orders of the county court. In other words, the bond must be executed and the statement of the parties to the appeal and the transcript of the orders of the county court must be filed within 30 days after the judgment appealed from is rendered."

And in that case it was held the provisions of sections 839 and 840 were part of the same act, and must be read together. See, also, Com., by State Highway Commission, v. Crutchfield et al., 261 Ky. 272, 87 S. W. (2d) 598. As the record from the county court was not filed in the circuit court within the 30 days as required by law, it follows that the appeal was not taken in time and the court erred in not entering a judgment dismissing the appeal on the trial. Having reached this conclusion, we find it unnecessary to discuss any other question raised by counsel for either party.

It follows, therefore, that the judgment in the county court fixing the value of the land owned by Elizabeth Gay and Ida Gabbard at $800 and the land owned by N. S. Gay and Martha Gay at nothing is the amount only that appellees are entitled to.

Wherefore, the judgment is reversed, with directions for further proceedings in conformity with this opinion.

Whole court sitting.