## City of Hazard et al. v. Gay et al.

(Decided Feb. 4, 1938.)

JOHN E. CAMPBELL for appellants.

C. A. NOBLE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This equity action was filed in the Perry circuit court by appellees, who were plaintiffs below, against appellants, defendants below, on February 2, 1937. The petition sought a mandamus or a mandatory injunction (it is difficult to determine which from that pleading), ordering, directing, and commanding defendants, City of Hazard, and its mayor and councilmen "to meet and convene in session and vote for, issue and deliver to these plaintiffs a warrant or voucher on the City of Hazard, Kentucky, for the amount of $1200.00 with interest thereon at the rate of six per centum per annum from January 30th, 1936, and for the sum of $13.00 costs adjudged to them in said action, and for their costs herein and all proper, appropriate and equitable relief to which they may appear entitled."

The ground averred for the relief sought was an

alleged judgment rendered by the Perry circuit court on January 31, 1936, in a condemnation proceedings theretofore instituted in the Perry county court by the commonwealth for the use and benefit of the state highway commission, wherein the latter sought to condemn certain described parcels of land abutting on state highway No. 15, passing through the City of Hazard, for the purpose of improving and widening that highway along its distance through the city. The owners of two of the lots, from which a strip of land was sought to be condemned, were N. S. Gay, the owner of one of them, and his daughter and granddaughter, Elizabeth Gay and Ida Gabbard, the joint owners of the other. The commissioners appointed for the purpose reported $600 damages in favor of Gay and Gabbard, and $25 damages in favor of N. S. Gay. Exceptions were filed to both findings, and upon trial in the county court the jury fixed the damages in favor of Gay and Gabbard at $800 and allowed nothing for N. S. Gay. They attempted to prosecute an appeal therefrom to the Perry circuit court, which section 839 of our present Statutes requires to be done within 30 days from the time of the rendition of the judgment in the county court. The condemnor moved the Perry circuit court to dismiss the appeal because it had not been prosecuted within the 30 days required by the statute, but that motion was overruled and a later trial in the circuit court resulted in a verdict fixing the damages to Gay and Gabbard at $2,000, and in favor of N. S. Gay at $100.

Thereupon the judge of the Perry circuit court rendered against the City of Hazard in favor of Gay and Gabbard a personal judgment for $2,000, and a like one in favor of N. S. Gay for $100; but it directed that the $2,000 judgment in favor of Gay and Gabbard be credited by the $800 damages allowed by the jury in the county court, since that amount had been paid to the county court clerk so as to entitle the highway commission to take possession of the condemned strips of land. From that judgment the commonwealth, through and by its highway commission, prosecuted an appeal to this court without superseding the judgment appealed from, and which appeal was taken on February 5, 1937. On November 30, 1937, this court reversed the judgment, in which the whole court concurred, upon the

ground that condemnor's motion to dismiss the appeals, supra, from the county court judgment to the Perry circuit court should have been sustained, because they were not completed and perfected within the required 30 days allowed therefor. That opinion has become final, since the petition for rehearing has been overruled.

It will be observed that the appeal to this court from the judgment of the Perry circuit court in the condemnation action was taken, and the record lodged in this court, two days after the instant petition was filed in the Perry circuit court to obtain the mandatory processes supra, against the City of Hazard and its mayor and councilmen; but, as stated above, that judgment was not superseded when the condemnor appealed therefrom to this court. In the instant action the court sustained the prayer of the petition and adjudged "that the defendants, Carl Madden, Mayor of the City of Hazard, Kentucky, and H. S. Turner, J. J. Moran, D. C. Combs, W. T. Simpson, N. S. Gay and D. J. Hughes, members of the City Council of the City of Hazard, Kentucky, be and they are hereby ordered and directed to convene as such city council of the City of Hazard, Kentucky, and vote for, issue and deliver to the plaintiffs, Elizabeth Gay and Ida Gabbard, warrants or vouchers drawn on the City of Hazard, Kentucky, for the amount of twelve hundred dollars with interest thereon at the rate of 6 per centum per annum from January 30, 1936, and for the sum of thirteen dollars costs adjudged to the plaintiffs." From that judgment defendants in the instant action prosecute this appeal. A glimpse of the coloring surrounding the facts of the controversy may be partially obtained by consulting our opinion in the case of Napier v. Gay, 264 Ky. 359, 94 S. W. (2d) 682.

The condition of the instant record is very much confused and misleading, due to the fact that the clerk of the Perry circuit court, in copying it, has indicated that the condemnation proceedings was originally instituted in the Perry circuit court, which has no original jurisdiction of such proceedings, but there is enough in the record to clearly demonstrate that the clerk's certification to that effect was an oversight or mistake, since the petition refers to the condemnation proceed-

ings and makes it—in its entirety—a part of the petition in this case "as fully as if set out herein in full." Therefore, in considering and determining this appeal, we consulted the record of the condemnation proceedings as contained in the appeal of Commonwealth for Use and Benefit of State Highway Commission v. Elizabeth Gay et al., 271 Ky. 442, 112 S. W. (2d) 394, the disposition of which we made in our opinion handed down November 30, 1937, hereinbefore referred to. In that record we discover that nowhere therein was the City of Hazard ever made a party to that (condemnation) proceedings, nor was any relief whatever sought against it. The Perry circuit court, therefore, had no jurisdiction in any event to render the personal judgment in favor of Gay and Gabbard for $2,000 against the city, or the members of its council, for the two manifest reasons (a) that they were not parties to the condemnation proceedings, and (b) it was error to have rendered a personal judgment against them, even if they had been parties to the proceedings. The latter statement is made because a judgment in personam is not required or authorized in any event in such proceedings—not even against the condemnor who institutes them. All that the commissioners are authorized to do in such proceedings is to report the amount of damages sustained by the defendant therein; whereupon the court determines that the amount so returned (if no exceptions are filed thereto) measures the damages to which the owner of the land is entitled, and then adjudges that the condemnor may take possession of the land for the purpose required upon payment of that amount and costs to the owner of the land condemned. The same practice prevails when exceptions are filed to the commissioners' report and the damages are assessed by a jury upon the trial of the exceptions. See section 839 of our present Statutes. So that in any event it is error for a personal judgment to be rendered by either the county court, or the circuit court to which the cause might be appealed, against anyone, and the rendering of such a judgment against one who is not a party to the cause at all is absolutely void.

The county court did not render a personal judgment against the City of Hazard or any one else at the hearing therein, and that judgment is the final one in

the cause. The amount of the county court judgment in favor of appellees, as we have seen, was $800, which has been paid and which satisfied it in full. Therefore, should we affirm the judgment appealed from—wherein the City of Hazard, its mayor and councilmen, were directed to issue the warrant of the city for the balance of the circuit court judgment ($1,200), the city would thereby have thrust upon it an indebtedness or obligation for that amount, in the face of the fact that appellees were entitled to only $800, which amount they have already received. Our duty in the premises is plain, and which is to reverse the judgment appealed from, with directions to set it aside, and to dismiss the petition.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion; the whole court sitting.