## Louisville & N. R. Co. v. Caudill et al.

May 7, 1946.

Astor Hogg for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action grows out of the condemnation of 1.78 acres of land belonging to Obediah Caudill's heirs by the Railroad Company for a railroad right of way. The Caudills were dissatisfied with the valuation placed on the land by the commissioners, and, upon a final hearing in the Harlan County Court, they were awarded the sum of $1500. They were still not satisfied with that sum and appealed to the Harlan Circuit Court where they were awarded the sum of $2000. The Railroad Company is appealing from that judgment.

It is urged that (1) the appeal should have been dismissed in the circuit court; (2) women should not have been permitted to serve on the jury; (3) the panel should not have been filled with more than three by-standers; and (4) the jury was not properly instructed.

The Railroad Company contends first that the appeal was not properly perfected from the county court to the circuit court. The appellees filed an appeal bond in the circuit court, along with a statement of appeal and a certified copy of the order made in the county court for the appointment of commissioners. They filed only carbon copies of what purported to be the petition for condemnation; the order of the Harlan County Court filing written exceptions of the appellees; the exceptions to the report of the commissioners; the judgment of the Harlan County Court; and the order showing payment of $1500 into court by the Railroad Company and the costs to the clerk of the Harlan County Court.

The right to prosecute an appeal is not an inherent or constitutional one, but is a matter of right granted by the legislature, and if one seeks to avail himself of such a right he must comply with the conditions which have been set up by the legislature. KRS 416.060 provides for an appeal in a case such as this. This section reads in part as follows:

"Either party may, within thirty days, appeal to the circuit court from the judgment of the county court entered under KRS 416.050. The appeal shall be taken by executing bond as required in other cases and by filing with the clerk of the circuit court a statement of

the parties to the appeal, and a transcript of the orders of the county court. * * *,''

The Railroad Company insists that the filing of carbon copies of certain purported orders and proceedings in the county court did not constitute the filing of a transcript of what transpired in that court, since these copies were not signed by anyone and did not bear any type of authentication; and, therefore, a proper transcript was not filed within the time prescribed in the statute just quoted.

We think the first contention of the Railroad Company is well grounded, so we express no opinion on the other grounds urged for the reversal of the judgment.

Generally speaking, a transcript of a court record means an official or certified copy of what transpired in the court. See Vol. 42, Words and Phrases, Perm. Ed., ''Transcript,'' p. 286. As indicated in Letcher's Trustee v. German National Bank, 134 Ky. 24, 119 S. W. 236, 20 Ann. Cas. 815, the only way to show what transpired in a court is by a certified or authenticated record of the proceedings. In the case at bar we have noted that only a part of the record of the happenings in the Harlan County Court were properly certified to the Harlan Circuit Court. True it is that the statement of appeal and the bond were filed in due time, but a properly certified transcript of all the proceedings in that court was not filed within the 30 day period prescribed in KRS 416.060, nor, indeed, at any time. In the case of Commonwealth, etc., v. Gay, 271 Ky. 442, 112 S. W. 2d 394, also a condemnation proceeding, the appeal was dismissed because the records of the county court were not filed in the circuit court within 30 days. Since an analogous situation exists in the case at bar, the judge of the Harlan Circuit Court should have dismissed the appeal.

In closing, we may say that the appellees urge that there was a substantial compliance with KRS 416.060, which was sufficient. They rely upon the case of Big Sandy Railway Co. v. Dils, 120 Ky. 563, 87 S. W. 310. In that case it was held that it was error for the lower court not to permit certain parts of the missing record to be supplied after the 30 day period had expired. In the case at bar there was no effort made to supply the parts of the record which had not been properly certified.

As heretofore indicated, we think the Harlan Circuit Court wrongfully assumed jurisdiction of the cause. Therefore, the judgment is reversed, with directions that it be set aside, and for proceedings consistent with this opinion.