**HARBER et al. v. KENTUCKY RIDGE COAL CO. et al.**

No. 11230.

United States Court of Appeals Sixth Circuit.

April 13, 1951.

Fritz Krueger, Somerset, Ky., (Robert R. Boone, Pineville, Ky., Claude P. Stephens, Prestonsburg, Ky., on the brief), for appellants.

James Sampson, Harlan, Ky. (W. R. Lay and E. B. Wilson, Pineville, Ky., James Sampson, Harlan, Ky., on the brief), for appellees.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented in this appeal is whether under Kentucky law an administratrix who has been duly appointed in Kentucky may be removed without notice on the ground that she has changed her residence to another state, no prejudice being shown. The District Court held that the Kentucky statutes did not require such notice and that under the facts of this record the removal did not violate the constitutional guaranty of due process.

The case arises out of a previous controversy, Carlson v. Asher Coal Mining Co., 6 Cir., 172 F.2d 243, in which this court held that the appellants' mother, Mrs. Bettie Hoskins, who died September 10, 1939, was the owner of a 90-acre tract of coal land from which the Asher Coal Mining Company, one of the appellees herein, has taken coal for a number of years under claim of title to the property.

Appellants, who claim to be the only heirs of Bettie L. Hoskins, in their individual capacities filed a complaint herein for willful trespass and removal of some 35,000 tons of coal, most of which appears to have been taken prior to the death of Mrs. Hoskins. By agreement of parties, appellants amended the complaint, adding Grace Monroe Harber, administratrix of the estate of Bettie Hoskins, as party plaintiff. Mrs. Harber immediately filed an intervening petition, adopting the principal allegations of the complaint. The intervening petition alleged that the intervening complainant "is domiciled in, and a citizen of, Chicago, Cook County, Illinois." Motion to dismiss was then filed, upon the ground that Mrs. Harber had forfeited her right to act as administratrix by removal from the state of Kentucky. The motion referred to and incorporated an order of the county court of Bell County, Kentucky, entered October 13, 1948, which removed Mrs. Harber as administratrix of the estate of Bettie Hoskins, effective October 1, 1946. This order stated in effect that since Mrs. Harber was absent from and a nonresident of Kentucky, it was evident "that an effort to serve notice on her would be futile." Notice was not served, and appellants contend that the order of removal was therefore void.

The District Court, 85 F.Supp. 233, held that the Kentucky statute requires no notice prior to removal; that the administratrix was not injured by the removal, and was not qualified to maintain the suit; and gave judgment for $48.00 in favor of the appellants on their individual claims. It dismissed the action as to the coal mined during the lifetime of Bettie Hoskins without prejudice to the right of a properly qualified party to sue. Appellants in this court renew their contention that the order of removal was void for lack of notice.

The pertinent Kentucky statute is § 395.160, which provides "If a personal representative resides out of the state * * * the county court shall remove him * * *." The section contains no provision for notice before the entry of an order of removal; but appellants contend that under Kentucky decisions notice to the administratrix was a jurisdictional prerequisite. They rely upon Letcher's Trustee v. German National Bank, 134 Ky. 24, 119 S.W. 236, 237, which held that in a proceeding to remove a trustee, notice by constructive process was sufficient, and also stated that in order for the court to revoke a trustee's authority "it was only necessary that she should have notice of the proceeding." An administrator is a trustee. Dunlap v. Kennedy, 10 Bush. 539, 73 Ky. 539. Cf. Mur-

ray v. Oliver, 3 B.Mon. 1, 42 Ky. 1, which held that as the record of removal showed neither a citation to nor an appearance by the administrator who had been removed, the order of removal must be deemed void.

Under these authorities notice might not be dispensed with in a removal proceeding under circumstances different from those presented here. Cf. Chaloner v. Sherman, 242 U.S. 455, 461, 37 S.Ct. 136, 61 L.Ed. 427. Section 57, Kentucky Civil Code of Practice, provides for constructive service upon non-residents, and this would be sufficient. Letcher's Trustee v. German National Bank, supra. However, under this record the District Court correctly held that the administratrix could not question the enforcement of the statute in spite of the omission of notice or a warning order.

Appellants make no specific claim of injury. They do not allege that the estate or the heirs have been deprived of any rights as a result of Mrs. Harber's removal as administratrix. The general averment is made that an opportunity to be heard on the issue of removal is a valuable right. But the issue presented in the Bell County Court, if notice had been given and if Mrs. Harber had appeared, would necessarily have been whether she was or was not a resident of Kentucky. If she was a non-resident, § 395.160 required the county court to remove her. Since Mrs. Harber's intervening petition stated that she was a resident of Illinois, the notice would have benefited neither her nor the estate, and the lack of notice was no detriment.

Appellants' case turns upon application of the familiar rule that since the administratrix was not injured she may not question the operation of the statute. Premier-Pabst Sales Co. v. Grosscup, 298 U.S. 226, 227, 55 S.Ct. 754, 80 L.Ed. 1155; Stockholders of Peoples Banking Co. v. Sterling, 300 U.S. 175, 184, 57 S.Ct. 386, 81 L.Ed. 586.

The District Court having dismissed the action without prejudice to the right of a properly qualified party to sue, the rights of the appellants were amply protected.

Judgment affirmed.