## Miller v. Commonwealth.

(Decided October 6, 1931.)

C. C. WILLIAMS and J. C. BIRD for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

We have this day reviewed and considered the indictment, trial, and conviction of the appellant of the crime of making a false entry on the books of the People's Bank of Mt. Vernon, Mt. Vernon, Ky., which was charged to have been committed by the appellant by the making on this entry: "8—6—28, $4000.00." His punishment therein was fixed by the jury at seven years in the penitentiary. 240 Ky. 346, 42 S. W. (2d) ——.

In the present case, the appellant was indicted, tried, and convicted of the crime of making a false entry on the books of the same bank as follows: "8/17/29 $3275.00." His punishment herein was fixed by the verdict of the jury at six years in the penitentiary. The indictments, the evidence, and the instructions in the two prosecutions are substantially the same, except, in the present case, instruction No. 4 was not given but was given in the other case. The evidence in the two prosecutions being substantially the same, so much so that a statement thereof in the opinion this day delivered in the other case may be examined for a statement of the facts established in this one. In his written motion and grounds for a new trial in the present case, it is stated by the appellant that instructions 1, 2, 3, and 4 were given by the court to the jury, and in the bill of exceptions it is stated that instructions A and B were offered by the appellant and refused to be given by the court. There appears in the bill of exceptions instructions 1, 2, and 3, as the instructions given by the court. Instruction No. 4 is not found in the bill of exceptions. The offered instructions A and B found in the bill of exceptions are as follows:

"A. The court instructs you that the witness, W. H. Davis is an accomplice in the case on trial, and you are further instructed that you cannot convict the defendant, Floyd Miller, unless his (W. H.

Davis) testimony is corroborated by other evidence tending to connect the defendant in the commission of the offense, charged in the indictment; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof.

"B. An 'accomplice' is one concerned with another in the commission of a felony. The term 'accomplice' includes all persons who participate in the commission of a crime, whether as principal, aider and abettor or accesory before the fact.

"And if you believe from the evidence that W. H. Davis was an accomplice of the defendant, Floyd Miller, you cannot convict the defendant, Miller, unless the testimony of W. H. Davis is corroborated by other evidence tending to connect the defendant with the commission of the offense charged in the indictment; and the corroboration is not sufficient if it merely shows the offense was committed and the circumstances thereof."

The right of appellant to have given to the jury instructions A and B, or either of them, depended upon the evidence adduced on the trial.

The witness Davis testified that he was absent from the state of Kentucky and in the state of Wisconsin on the date of the entry of the $3,275 on the personal checking account of the appellant; that the entry was not on the books of the bank at the time of his departure, but was on the books at the time of his return. The appellant testified that he did not know who made the entry of $3,275 on his account. He was unable to recall whether he was present at the time it was made or who made it, but admitted that it was made on his account to cover up an overdraft. The uncontradicted testimony, thus appearing, shows Davis was out of the state at the time of the making of the entry on the books of the bank involved in this prosecution, and there is no evidence showing or tending to show he was an accomplice in the making of that particular entry. The proven facts must determine whether one is an accomplice in order to make him such to authorize the giving of an instruction under section 241, Criminal Code of Practice, by virtue of which instructions A and B evidently were offered by the appellant.

"An 'accomplice,' within the meaning of the Criminal Code of Practice, supra (sec. 241), is one who know-

ingly, voluntarily, and with common intent with the principal unites in the commission of the crime, either by being present and joining in the criminal act, by aiding and abetting in its commission, or, not being present, by advising and encouraging the act." Baker v. Com., 212 Ky. 50, 278 S. W. 163; Mitchell v. Com., —, Ky., —, 42 S. W. (2d) —, decided September 29, 1931. Although the evidence showed Davis had participated in making other false entries on other dates on the books of the bank, the evidence in this prosecution showing he was absent from the state and not tending to connect him, directly or indirectly, with the commission of the certain crime for which appellant was being tried, the court did not err in refusing to give to the jury either, or both, instructions. Bowling v. Com., 79 Ky. 606; Deaton v. Com., 157 Ky. 308, 163 S. W. 204; Elemendorf v. Com., 171 Ky. 410, 188 S. W. 483.

The appellant criticizes certain language of the trial court used by him after the case had been submitted to the jury, at a time it reported to the court that it had not reached a verdict. The language of the court of which he complains is:

"Gentlemen, it is not the duty of any juror to surrender any conviction or forego a matter of conscience, but it is the duty of the jury, if that can be possible to reconcile all the facts with the law as given by the court, to arrive at a verdict. If you gentlemen do not agree and return a verdict the same facts and the same law must in time be submitted to another jury and they will hear the same arguments that you gentlemen have heard. You understand that it will be necessary to procure another jury from another county which is expensive and for this reason it is urgent that this jury do their best to arrive at a verdict. You have heard the testimony, and I have given you the law, which is easily understood. It is not the duty of any juror to be obstinate or obdurate but it is his duty to reason all the facts brought out in the testimony with his fellow jurors and to study the instructions of the court. The province of the jury is to arrive at a verdict if possible, when such action does not involve the surrender of a conscience or conviction. I am going to send you back to deliberate a while longer with the hope that you may arrive at a verdict."

On a careful consideration of this language, we are unable to find in it a suggestion or statement calculated to influence the jury in arriving at its verdict. There is nothing in it which may be regarded as an attempt to coerce a verdict, nor is there an intimation in it as to what the verdict should be. In our opinion it contained much wholesome advice which the jury could have well afforded to follow, and it in no way could have improperly influenced its verdict. Quinlan v. Com., 149 Ky. 476, 149 S. W. 892; Sandefer v. Com., 143 Ky. 655, 137 S. W. 504.

The jury should be left to weigh the evidence and draw its own conclusions therefrom, without any suggestion or statement from the court other than contained in the written instructions given by the court. The trial judge should be cautious and guarded at all times in the use of his words in the presence of the jury, to the end that they will not affect the finding of the jury. While this is true, he may make to the jury admonitions or such prudent statements concerning or touching the duties of jurors as he may deem proper, using such language as will have no tendency to influence its verdict for or against a litigant or an accused. Even if it be conceded that the language of the trial judge was objectionable and subject to the criticism now urged against it, we are not convinced that the language of the court was prejudicial to appellant's substantial rights, or that it in any way affected the result. City of Covington v. Bostwick, 82 S. W. 569, 26 Ky. Law Rep. 780.

For the additional reasons stated in Miller v. Com., 240 Ky. —, 42 S. W. (2d) —, this day decided, and upon the authorities cited therein, the judgment is affirmed.