## Sullivan v. Commonwealth.

(Decided Sept. 27, 1935.)

**472**

GEO. R. POPE for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Curtis Sullivan appeals from a judgment of the Harlan circuit court sentencing him to five years' imprisonment for having had carnal knowledge of a female under fifteen years of age.

The first ground urged for a reversal is that one of the jury commissioners of Harlan county had two civil actions pending against him at the time of his appointment and at the time the jury list was made up from which the grand jury indicting appellant was selected, contrary to the provisions of section 2241 of the Kentucky Statutes prescribing the qualifications of jury commissioners. Appellant moved to quash the indictment for this reason. Formerly, this was a matter not subject to review in this court, under section 281 of the Criminal Code of Practice. Miller v. Commonwealth, 240 Ky. 355, 42 S. W. (2d) 523. Since the amendment to section 281 by chapter 63 of the Acts of 1932 (section 2), these questions may now be considered on appeal. The record discloses that the circuit court, on discovering that one of the jury commissioners was disqualified by reason of actions pending against him, se-

lected another jury commissioner to take his place, ordered the wheel emptied and refilled. The petit jury which tried appellant was drawn from the wheel after it had been refilled. Under these circumstances, it is inconceivable that the substantial rights of appellant could have been prejudiced, nor do we think that it was the intention of the Legislature in enacting section 2241 that disqualification of a jury commissioner in a situation such as this should in turn render void all the actions of the particular jury list selected. Of course, such juries could not sit in the actions against the particular jury commissioner, but as to other proceedings, we think some prejudice or fraud must be shown before we would be at liberty to reverse a case for this reason.

On the trial of the case the commonwealth called one Bud Johnson as a witness. Johnson was an uncle by marriage of the prosecuting witness and was apparently the moving spirit back of the prosecution. Over objection by defendant, a highly prejudicial anonymous letter received by Johnson was read to the jury. The court admonished the jury that they should not consider this letter as substantive evidence to establish the guilt of the defendant, but that it was admitted "for the purpose of explanation as to why this witness is taking a hand in this prosecution, and why he has done whatever has been brought out by the defendant, and for no other purpose." The jury was not trying the reason for this witness' actions. The pregnancy of the prosecuting witness was admitted. It is difficult to see how anything could be much more irrelevant or prejudicial to the rights of the defendant on the issue actually tried than was this anonymous letter. It is difficult to conceive of a more flagrant instance of purely hearsay testimony. Furthermore, following the reading of this letter, the prosecuting witness was recalled at the request of one of the members of the jury, and she was interrogated at length by members of the jury and by the judge as to her efforts to bring about a miscarriage by drinking turpentine. This again was entirely foreign to the issue of guilt or innocence of the accused under the indictment and was irrelevant to that issue. This evidence will not be admitted over objection upon another trial under this indictment.

Judgment reversed.