CRAMER v. KINCAID & KING CONST. CO., Inc., et al.
No. A-6539.

District Court, Alaska.   Third Division.   Anchorage.
April 24, 1951.

John E. Manders, Anchorage, for plaintiff.

J. L. McCarrey, Jr., Anchorage, for defendant.

Hellenthal, Hellenthal & Cottis, Anchorage, for garnishee.

FOLTA, District Judge.

By this proceeding, the plaintiff seeks to compel the garnishee, the City of Anchorage, to turn over money owed the defendant which had previously been attached at the instance of plaintiff. The debt was attached on November 29, 1950, when the garnishee, by its Manager, answered that it had in its possession sufficient funds of the defendant to satisfy plaintiff's claim, but upon service of the writ of execution, February 16, 1951, the garnishee refused to turn over the funds attached on the ground that in responding to the writ of attachment its Manager acted under a mistake as to the identity of the defendant. On March 7, 1951, the garnishee was ordered to show cause why it should not turn over the funds aforesaid to the United States Marshal.

The evidence adduced on behalf of the garnishee is to the effect that at the time of the levy under the writ of attachment, the City was indebted to Kincaid & King Construction Company, a partnership, for work done under a construction contract; that shortly after entering into this contract, the partnership organized a corporation in the name of Kincaid & King Construction Co., Inc., and assigned the contract to the corporation; that thereafter the corporation assigned all money to become due under the contract to its surety in Seattle, notice of which was given the City.

The garnishee contends:

(1) That at the time of answering the writ of attachment its Manager overlooked the fact that the action was against the corporation and that the funds held by the City were due the partners in the firm, rather than the corporate, name;

(2) That service of the writ of attachment on the City Manager was improper because he lacked the authority prescribed by Section 55–9–107, A.C.L.A.1949; and,

(3) That the City is not estopped from setting up these defenses because there was a mutual mistake of fact as to the identity of the defendant. I am of the opinion, however, that the garnishee is estopped from raising these defenses.

■■ At the outset it may be said that where persons choose, for their own advantage, to operate the same enterprise under two nearly identical names, to the confusion of third persons, the verbal distinction should be disregarded and the one entity held to be merely the alter ego of the other. The fact, therefore, that the City Manager mistook one for the other is at most a matter between the City and its contractor. Moreover, it does not appear that this mistake was mutual.

Section 55–9–107, A.C.L.A.1949, so far as pertinent provides:

> "process in such (garnisheement) proceedings may be served on the officer by or through whom such salary, wages, credits or other property is paid or delivered in the ordinary course of business or on the officer whose duty it is to audit or to issue a warrant for such salary, wages, money or other personal property; and provided further, that no clerk or officer of any court shall be required to answer as garnishee as to any moneys or property in his possession in the custody of the law."

■ It should be noted that the employment of city managers was not provided for at the time of the enactment of the foregoing section, but the City Manager is the chief executive and aided by the presumption of regularity, which attaches to the acts of all public officers, I have no hesitancy in holding that he was authorized to make the certificate in question. I find that the circumstances in evidence are sufficient to also warrant the con-

clusion that there was a ratification by acquiescence of his acts.

The authorities cited by the garnishee are either misquoted or not in point.

 I find that the plaintiff relied on the certificate of the Manager and that by reason thereof he made no further inquiry or search for other property of the defendant subject to execution, and thereby changed his position, to his prejudice. Accordingly, I am of the opinion that the doctrine of estoppel should be applied, Colbath v. Hoefer, 43 Or. 366, 73 P. 10, and that the garnishee should be ordered to pay to the United States Marshal the amount attached. An attorney's fee of $150 is allowed in connection with this proceeding.