**Application of FINK et al.**

**No. A–8454.**

District Court, Alaska.
Third Division, Anchorage.

Feb. 14, 1953.

Thomas A. Fink, pro se.

Russell R. Hermann, pro se.

Russell E. Arnett, pro se.

FOLTA, District Judge.

By this ex parte proceeding, the petitioners seek to invoke the inherent powers of the Court to admit them to the practice of law notwithstanding that they failed to pass the Alaska bar examination.

The petition alleges that some of the questions were taken verbatim from Ballantine's Problems in Law, that the examination embraced only 18 of the 20 subjects specified in Section 35–2–48, A.C. L.A.1949; and other irregularities that appear to be either devoid of merit or based on conjecture; at least the supporting affidavits fall far short of sustaining them. One of the latter class is that Taylor, one of the 5 members of the Board, ascertained the numbers assigned to two of the petitioners by surreptitiously glancing at the papers of one of the candidates as they were handed in, and by asking the other what his number was. This implies a violation of some measure adopted by the Board to insure secrecy by the elimination of any means by which any paper could be identified with its author. But it is not alleged or otherwise shown that this was such a violation. Moreover, it does not appear, although it may be supposed, that it was done for an ulterior purpose. If so, it does not appear that it was shared by any other member or done pursuant to a plan to flunk the petitioners. Assuming that this was a violation of the procedure adopted by the Board, it would undoubtedly

730

warrant that member's removal. But the Court is not going to impute a similar ulterior motive to the remaining members. Not only is there no fact alleged from which it could be inferred that the remaining members acted in violation of law or acted in concert with the offending member, but they are entitled to the benefit of the presumption of regularity. If a member chooses to violate his oath, it is doubtful whether any system could be devised that would assure secrecy in the particular here under discussion. The remedy indicated is the administrative one of removal, rather than the invalidation of the examination by judicial process.

■ Undoubtedly the Court has the inherent power to admit persons who have neither passed nor taken the bar examination, if it finds them to be qualified, but the showing here made is insufficient to invoke such powers, the exercise of which would require the Court to make an independent investigation into the qualifications of each of the petitioners. Moreover, a due respect for the acts of a coordinate branch of the government induces me to hold that the statute prescribes minimum qualifications, the possession of which would in any event have to be shown.

■ Viewing the petition and supporting affidavits most favorably to the petitioners, I find that they are insufficient to warrant the inference that, because of the irregularities complained of, any different or greater burden was placed upon the petitioners than on the remaining candidates, or that there was a scheme or conspiracy, participated in by the remaining members, or some of them to flunk the petitioners. I am not, therefore, disposed to order a hearing for the purpose of determining whether the petitioners are qualified, or for the purpose of seeing if sufficient evidence might not be unearthed to invalidate the examination, nor am I disposed, on the showing made, to convert this into an adversary proceeding and thereby require the Board and the successful candidates to appear and defend themselves.

The petition is, therefore, dismissed.