**COMMONWEALTH of Kentucky, DEPT. OF HIGHWAYS, Appellant,**

v.

**Dirl D. WIREMAN et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

Robert R. Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., C. E. Skidmore, Frankfort, for appellant.

Marcus Mann, Earl R. Cooper, Salyersville, for appellees.

DAVIS, Commissioner.

A jury of the Magoffin Circuit Court awarded $22,000 to the appellees in this condemnation action; the Department of Highways appeals from the ensuing judgment, which it asserts is for an excessive amount. The sole ground upon which the appellant relies is the failure of the trial court to strike appellees' appraisal evidence as incompetent and improper.

The property involved is a tract of land about one-half mile from Salyersville, and was divided by Kentucky Highway No. 7 before the taking. There is disagreement between the parties as to the actual total acreage in the tract before the taking. For the Department it was said that the original boundary contained 12.9 acres; this computation was made by use of a planimeter by a qualified engineer. According to the engineer, the boundaries of the tract were well-defined and afforded ample basis for computing the acreage of the tract by the planimeter method. The witness stated, from his experience and training, that the planimeter method produces accurate results.

Appellees' witnesses considered that the tract contained nineteen acres before the taking; they based this estimate on the records at the local ASC office. Additionally, they bolstered this estimate by expression of their own belief that the boundary encompassed about nineteen acres, based upon their experience in estimating acreage by visual "survey."

According to the Department's engineer, the land taken comprises 7.72 acres, some of which is taken from each side of Kentucky Highway No. 7. This same witness said that after the taking there would remain 1.89 landlocked acres on the south side of the taking and 3.29 acres on the north side. The latter tract is virtually landlocked too, since its topography makes impracticable any effort to gain vehicular access to it. The parties are in accord that the after value of the property is slight; the jury found the after value to be only $500, and the appellant concedes that it has no quarrel with that finding.

Before the taking about 4.5 acres of the original boundary lay on the south side of Highway No. 7; this tract was substantially level and ran back to the Licking River. It had frontage on Highway No. 7 of about 300 feet. It contained the best land, much of which was bottom land. Situated on this tract was a garage, a two-room apartment,

a shed and a grist mill. Photographs of these improvements are in the record, and indicate that they were of a somewhat rough type of construction.

On the north side of Highway No. 7 the land was mountainous; there was a valley on the north side, in which were located two dwellings, a combination stock and tobacco barn and other small outbuildings. This tract also contained a pond, a drilled water well and a gas well which had supplied gas for the dwelling. The frontage for the northern tract on Highway No. 7 was slightly greater than existed for the south tract, and was about 450 feet. The taking for the right of way includes all of the improvements and substantially landlocks the remaining acreages on each side.

For the Department two appraisal witnesses fixed the total before value as between $11,150 and $11,500. Each of these witnesses fixed slight after values, so that the difference in before and after values was found to be $11,000 by each of them. Their estimates were bolstered by reference to other sales which they deemed to be comparable ones.

For the appellees the range of before values ran from $25,000 to $30,600, and the after value was estimated as extending from $50 to $500. The jury found the before value to be $22,500 and the after value as $500, thus reaching an award for the difference of $22,000.

Each of the valuation witnesses for the appellees admitted on cross-examination that he had reached his before value figure by itemizing separate values to each building, the well, the pond, et cetera. As to each witness, the appellant made timely motion to strike the testimony because of the use of this method in reaching the before value. The trial court sustained that motion as to one of the witnesses, but overruled the motion as to the others. In so doing, we believe the trial court committed reversible error.

This Court has specifically condemned this method of fixing before market value. The vice of the method is that it fails to relate the itemized values to the over-all market value of the property in question. The subject was fully discussed in Com., Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640, and has been reconsidered in Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472; Com., Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249, and other decisions of this Court. The failure to observe the principles enunciated in the cited authorities impels the reversal of this judgment. Had the trial court stricken the evidence of the witnesses for appellees (as it should have, under the circumstances shown), there would have been no evidence to support a verdict in excess of $11,000. Hence, we must conclude that the failure to strike the testimony was a prejudicial error.

The judgment is reversed for new trial.

HILL, J., not sitting.