**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Beckham GARLAND et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 24, 1965.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant.

Charles G. Cole, Jr., Barbourville, for appellees.

DAVIS, Commissioner.

The appellant Department of Highways seeks to reverse the judgment for $14,000 rendered in behalf of appellees in this condemnation action. To this end four points are presented by appellant: (1) Appellee Beckham Garland, owner of the land, was one of three jury commissioners who selected the names for jury service for the term at which the trial occurred; (2) prejudicial error was committed by the court's failure to admit photographs of the improvements which had been situated on the condemned property; (3) the trial court erred in refusing to strike certain evidence adduced by appellees; and (4) the trial court erred in refusing to permit the jury to view the premises.

No brief has been filed for appellees. Pursuant to RCA 1.260(c) (2) we reverse the judgment as appellant's brief reasonably appears to sustain such action. We need not detail the facts, except to observe that the taking in this case was of a lot, approximately 85' x 310', upon which were situated a dwelling and some appurtenant outbuildings. The taking encompassed the entire lot, and at the time of the trial the improvements had been removed from the original

site, but relocated just across the road on other property owned by appellee Beckham Garland. Construction work had progressed at the time of the trial to the extent that some grading and filling had occurred on the lot, but the boundary lines of it were discernible.

The Department and the landowners had appealed to the circuit court from the county court in February, 1963. This case was tried at the January Term, 1964, of the Knox Circuit Court. In January, 1964, appellee Beckham Garland was appointed as one of three jury commissioners for the Knox Circuit Court for 1964. KRS 29.055. The entire array of jurors at the January, 1964, term of the court had been selected by the jury commissioners of which appellee Beckham Garland was a member. Appellant made timely challenge to this jury array before the introduction of any evidence or final acceptance of the jury. The trial court was of the view that since appellee Garland was only one of three commissioners, and since the panel had stated on voir dire examination that they knew nothing of the case and had not been approached about it by anyone, there was no showing of any prejudice; consequently, the trial court denied appellant's motion for a continuance of the case for trial before another panel selected without appellee Garland's participation as a jury commissioner. As an additional reason for his ruling, the trial court noted that any other ruling would preclude a trial of the case during all of 1964.

■ It is our view that the trial court committtted reversible error in so ruling. We accept, without question, the premise that appellee Garland did not make any sinister or improper use of his position as jury commissioner; nonetheless, the fundamental right to trial before an impartial jury is so basic and crucial in our system of jurisprudence as to demand that no vestige of suspicion be permitted to impugn the impartial method of selection of jurors. "I wished my wife to be not so much as suspected," said Caesar, when asked why he had parted from her. (Plutarch, Lives, Caesar, p. 860.) The same principle is controlling here.

■ It is noteworthy that one of the qualifications for a jury commissioner is that be be one " * * * having no action in the court requiring the intervention of a jury * * *." KRS 29.055(1). We are not to be understood as saying that jury commissioner Garland was so disqualified (because he did have this very action pending, requiring jury intervention) as to vitiate every jury trial in Knox Circuit Court during 1964—but we do hold that he was so disqualified as to vitiate a trial of his own case during 1964 before jurors drawn from the list he had helped select. No matter how honestly appellee Garland performed his functions as jury commissioner, the hard fact remains that he did have a hand in selecting the potential personnel of his own jury—this makes suspect, ipso facto, the impartiality of the jury in a case involving rights of one of the commissioners who helped select the jury. The subtle factors of personal friendship, knowledge of the propensities and philosophies of potential jurors, and "having a hand" in their selection, simply forbid approval of the situation at hand. See Sullivan v. Commonwealth, 260 Ky. 471, 86 S.W.2d 135, 136, in which it was written, perhaps as obiter dictum, but soundly: "Of course, such juries [selected by a jury commissioner having an action pending requiring jury intervention] could not sit in the actions against the particular jury commissioner, but as to other proceedings, we think some prejudice or fraud must be shown before we would be at liberty to reverse a case for this reason."

■ Since there may be another trial of this cause, we advert to the other claimed errors. We hold that it was error to refuse admission of photographs proffered by appellant. These pictures purported to depict the residence and some of the other buildings on the lot prior to the time of taking. For the appellant it was testified that the

pictures fairly represented the scene as of the taking date; there was no contrary showing. Under these circumstances, the photographs of the property taken should have been received. Commonwealth, Dept. of Highways v. Arnett, Ky., 390 S.W.2d 187. Our decisions have noted that the matter of admission of such photographs lies within the sound discretion of the trial court, but this is not to say that failure to admit such pictures when a proper foundation is laid may not be reversible error. Cf. Robinette v. Commonwealth, Dept. of Highways, Ky., 380 S.W.2d 78; W. G. Duncan Coal Co. v. Jones, Ky., 254 S.W.2d 720, 723.

 What has been said is equally applicable to the appellant's tendered photograph of the residence located on a lot deemed as a comparable sale. In the absence of evidence rebutting the accuracy of the photograph of the comparable property, there is no sound reason that the photograph should be excluded.

It was not error for the trial court to refuse appellant's motion to strike the evidence of certain of appellees' witnesses. The appellant contends that the evidence of the witnesses should have been stricken because on cross-examination the witnesses admitted that they had put prices on the various items, such as the residence, the other outbuildings, and the land, which they totaled to arrive at their evaluation. However, a fair reading of the evidence does not warrant the assertion, since the witnesses, in essence, merely stated that they had considered these various things in reaching their appraisals. We do not consider this to be objectionable, nor is it the type of itemizing or placing of price tags as is condemned in Commonwealth, Dept. of Highways v. Wireman, Ky., 388 S.W.2d 606.

It was error for the trial court to refuse to permit the jury to view the premises. The mere fact that the residence had been removed (just across the highway)

was not sufficient to deprive appellant of the right to a jury view, because there was no showing of any substantial change in the condition of the house. See Commonwealth, Dept. of Highways v. Hackworth, Ky., 383 S.W.2d 372. If the situation is substantially the same at the time of another trial as it was at the time of the trial on appeal here, the trial court will permit the jury to view the original lot, and the residence removed therefrom.

The judgment is reversed for proceedings consistent with the opinion.

HILL, J., not sitting.