**Burton C. IRWIN, Appellant,**

v.

**RADIO CORPORATION OF AMERICA,
Appellee.**

**No. 744.**

Supreme Court of Alaska.

July 17, 1967.

James K. Tallman, Anchorage, for appellant.

Richard O. Gantz and Robert C. Erwin, of Hughes, Thorsness & Lowe, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

After a civil trial jury of twelve with one alternate juror had been impaneled and sworn, appellant moved to dismiss the jury and to have another impaneled on the ground that the impaneling of the jury did not conform to the requirements of statute. The motion was denied by the court below. Appellant claims on this appeal that the denial of such motion was reversible error.

The selection of jurors is regulated by statute. Based on a voting list prepared by the secretary of state from the preceding general election, the clerk of the superior court for each judicial district prepares a list of names of residents of the district who are qualified for jury service.[1] The clerk then writes the names included on the list on separate pieces of paper, or prepares metal, plastic or other types of pieces to correspond with numbers on the

1. AS 09.20.050.

jury list, and deposits the names or numbered pieces in a jury box in the manner, as directed by the court, to assure a fair and impartial drawing of the jury panel.[2] Under the direction of the court the clerk conducts a public drawing of jurors for the panel by shaking the box to mix the names or numbered pieces and by drawing as many names or numbers as are ordered by the court to fill the jury panel.[3]

A jury panel for the trial of civil cases consists of at least 24 jurors or more as determined by the court. If at any time the number of jurors on the panel falls below 24 or the regular panel is exhausted, the court is required to order the clerk to complete the panel or secure additional jurors by drawing sufficient names from the jury box.[4] A jury is impaneled for the trial of a civil action by the clerk drawing from a trial jury box, containing the names of those on the jury panel, a number of names or numbers sufficient to name a jury of 12 unless the court directs otherwise.[5]

Appellant contends that the jury selected for the trial of this case ought to have been dismissed because the court failed to provide for a panel of 24 jurors as required by AS 09.20.080,[6] and because the jury panel was not selected by a public drawing as provided by AS 09.20.070.[7]

Appellant points out that the court started the case with 18 jurors present in court; that before the selection of the first 12 jurors, one was excused because she worked for the appellee; that during the selection of the jury two additional jurors were added to the list and one of their names, together with the name of a listed juryman who was not originally present, were placed in the trial jury box; that of these three additional jurors, one never appeared at the proceedings; that the net result was that the court had only a list of 19 jurors to draw from rather than 24 as provided by statute; and that the group of 19 jurors was completely exhausted with the selection of the thirteenth, or alternate, juror.

In impaneling a trial jury, the law does not require the drawing of 24 names of those on the jury panel, but only a number "sufficient to name a jury of 12 unless the court directs otherwise."[8] In this case the jury was being impaneled, which is done by drawing names from a box containing the names of those on the jury panel. This was not a case of a public drawing of names from a box to form or fill the jury panel of at least 24 persons.[9]

2. AS 09.20.060.

3. AS 09.20.070.

4. AS 09.20.080.

5. AS 09.20.090.

6. AS 09.20.080 provides:
   The jury panel for the trial of civil cases consists of at least 24 jurors or more as determined by the court. If at any time the number of jurors on the panel falls below 24 or the regular panel is exhausted, the court shall order the clerk to complete the panel or secure additional jurors by drawing sufficient names from the jury box.

7. AS 09.20.070 provides:
   Under the direction of the court the clerk shall conduct the public drawing of jurors for the panel by shaking the box to mix the named or numbered pieces. The clerk shall then draw as many names or numbers as are ordered by the court to fill the jury panel.

If the name or number of a person is drawn from the box and the person is deceased, unqualified, disqualified, or the person's attendance cannot be obtained within a reasonable time or may involve a large and unnecessary expense, and the fact appears to the satisfaction of the court through the use of questionnaires or otherwise, the court may reject the name of that person and direct that the name or number of another be drawn in his place.

8. AS 09.20.090 provides:
   When a civil case which is to be tried by a jury is called for trial, the clerk shall draw from the trial jury box containing the names of those on the jury panel a number of names or numbers sufficient to name a jury of 12 unless the court directs otherwise. The prospective jurors shall be examined, challenged, and sworn as provided by rules of the supreme court.

9. AS 09.20.070. See footnote 7 supra.

There is nothing in the record to show that the trial jury box did not contain the names of at least 24 persons on the jury panel as required by law.

The transcript of proceedings in the superior court shows that the first action taken by the court was to ask the clerk to "call the roll of the jury", and that when this was done, there were 18 jurors present in court. It is true that the record does not show that the names of these 18 persons were arrived at by the clerk drawing names from a box in accordance with the provisions of statute for impaneling a trial jury, although it may be presumed that this was done because a jury was being impaneled. But neither does the record show in any way that the 18 persons present in court constituted the entire jury panel and that this panel was short by six the 24 jurors required by statute.

Counsel for appellant states in his brief that "the jury panel as first presented to counsel" contained a list of 21 names. But the record contains no such list or anything else to indicate that this was the case, so that we cannot say that there were only 21 jurors on the panel instead of the required 24. Furthermore, such a list would not necessarily mean that the total number of jurors on the panel was only 21. Such list might have indicated merely that only 21 jurors of a panel of 24 or more were available for this particular case at the time it was called for trial. Other jurors on the panel may have been excused for some reason or other or could have been serving on a jury in another courtroom.

Appellant points to the fact that during the impaneling of the jury the trial judge stated that two or three more jurors would probably be needed, and that subsequently the names of two additional jurors were placed in the jury box. But this does not necessarily signify that there were less than 24 jurors on the panel. It could signify as well merely that all of the jurors on the panel were not in the courtroom at the time the impaneling of the jury began, or that some of the names of the jurors on the panel had not been placed in the jury box. The point is that there is nothing in the record of this case to show that the jury panel in the superior court did not consist of at least 24 jurors as required by statute.[10]

Even if the panel had consisted of less than 24 jurors, we still would find no reversible error in the superior court's denial of appellant's motion to dismiss the jury and impanel a new one. If the panel was insufficient, this was apparent before selection of the jury began. If such a defect in the panel had been brought to the attention of the trial judge, it could have been remedied by adding additional jurors to the panel. But appellant participated in the selection of the jury and said nothing as to the panel being insufficient until after the jury had been selected and sworn. This constituted a waiver of whatever right appellant may have had to challenge the sufficiency of the jury panel.

Finally, appellant contends that the procedure prescribed by AS 09.20.070 [11] for a public drawing of jurors for the panel was not followed. The record in no way supports such an assertion. There was nothing to show how the jury panel was made up. In the absence of a showing to the contrary, we presume that it was done according to law.[12]

The judgment is affirmed.

10. AS 09.20.080. See footnote 6 supra.

11. See footnote 7 supra.

12. The law presumes that official duty has been regularly performed. Hess v. Mullaney, 213 F.2d 635, 642, 15 Alaska 40 (9th Cir.), cert. denied, Hess v. Dewey, 348 U.S. 836, 75 S.Ct. 50, 99 L.Ed. 659, 15 Alaska 221 (1954); Cramer v. Kincaid & King Constr. Co., 13 Alaska 238, 241 (D.Alaska 1951); Application of Fink, 109 F.Supp. 729, 730, 14 Alaska 198, aff'd, 208 F.2d 898, 14 Alaska 468 (9th Cir. 1953).