Wayne Thomas **RODGERS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 18, 1971.

Rehearing Denied Oct. 8, 1971.

Mark E. Gormley, Versailles, George C. Piper, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

On September 23, 1967, shortly after noon, the appellant, Wayne Thomas Rodgers, walked into the office of the sheriff of Woodford County and told the sheriff that he had shot his (Rodgers') wife, and he thought she was dead. The sheriff went to the nearby residence of the Rodgerses and found the body of appellant's wife slumped in a rocking chair. She was dead as the result of a shotgun wound in her right temple. Her infant child was in her arms, untouched by the load from the shotgun. Upon his trial for murder of his wife, the appellant was found guilty of voluntary manslaughter. The jury fixed his sentence at confinement for twenty-one years.

Appellant was ably represented by appointed counsel who assert two claims of error in seeking reversal: (1) The sheriff to whom appellant confessed the homicide was the chief prosecution witness; his term had ended before the trial, and he had been appointed as one of the three jury commissioners who selected the prospective jurors from which the jury was drawn; hence, the court should have granted a mistrial; (2) the court erred in admitting gruesome photographs of the victim.

In denying the motion for a mistrial, the trial judge pointed out that RCr 9.34 requires that a motion raising an irregularity in the selection of summons of the jurors or formation of the jury must precede the examination of the jurors. Since the motion was not made until after an extensive examination of a number of jurors, it was regarded as untimely by the trial judge. Additionally, the trial judge ruled that the former sheriff's participation in selecting names for the jury wheel could not have been done in a manner prejudicial to the rights of the defendant appellant.

The appellant contends that the principles of Section 11 of the Kentucky Constitution and the guidelines of KRS 29.055, as interpreted in Commonwealth, Dept. of Highways v. Garland, Ky., 394 S. W.2d 450, 23 A.L.R.3d 820; and Hayes v. Commonwealth, Ky., 458 S.W.2d 3, require reversal by reason of the former sheriff's participation as a jury commissioner. Additional reliance is placed upon United States v. Chapman (CA 10) 158 F.2d 417.

Without detailed analysis of the cited authorities, it is enough to observe that all of them recognize the fundamental right to trial by an impartial jury. The cases cited, and many others, point up the need for protecting the jury system even from hints of suspicion. In the present case there is no basis for a conclusion that the former sheriff, who was subsequently named as a jury commissioner, had any personal or official disqualifying interest in appellant's trial. In the Garland case, supra, the jury commissioner was a party litigant, in express contravention of KRS 29.055(1). Such is not the case here. The former sheriff was not a party, and nothing in his deportment before or during the trial warrants an inference that he evinced a partisan attitude in the prosecution. As noted, the appellant voluntarily sought out the sheriff and disclosed the fact that he had just shot his wife. Upon the trial, after the ex-sheriff had related that fact, the appellant took the stand and confirmed it. In substance, there was no meaningful difference between the facts of which the ex-sheriff testified and those stated by the appellant. The ex-sheriff had not witnessed the shooting and did not undertake to say how it occurred. There was no basis for any reasonable person's believing or suspecting that the former sheriff was so interested or biased as to induce him as a jury commissioner to select the names of persons who would favor "his" side of the case. In these circumstances, no nefarious

suspicion of the integrity of the jury selection is generated. It is unnecessary to consider the timeliness, vel non, of the motion for mistrial since it was meritless anyway.

In asserting error concerning the admission of photographs of the victim, the appellant calls attention to Poe v. Commonwealth, Ky., 301 S.W.2d 900, and Carson v. Commonwealth, Ky., 382 S.W.2d 85. In Poe, as was true in the present trial, counsel for the defendant stipulated the cause of death and the nature of the wound. In Poe the court suggested that upon a retrial the Commonwealth's attorney should "be more careful in introducing possibly inflammatory evidence unless the need for its introduction is more clearly shown than in the present record." In Carson the court recognized the principle of balancing the probative value of a photograph against its potential inflammatory effect. The photographs in this case are hardly "gruesome." In light of the expressions of the court in Salisbury v. Commonwealth, Ky., 417 S.W.2d 244, and Napier v. Commonwealth, Ky., 426 S.W.2d 121, it is clear that the photographs in question were properly admitted in evidence and had no adverse effect upon appellant's right to a fair trial.

The judgment is affirmed.

MILLIKEN, C. J., and HILL, NEIKIRK, OSBORNE, REED, and STEINFELD, JJ., concur.