James K. TALLMAN and Alice P. Tallman, Appellants,

v.

STATE of Alaska, DEPARTMENT OF PUBLIC WORKS, Appellee.

No. 1612.

Supreme Court of Alaska.

Feb. 23, 1973.

---

**680**

James K. Tallman, Anchorage, for appellants.

John E. Havelock, Atty. Gen., Juneau, Dorothy Awes Haaland, Richard P. Kerns, Asst. Attys. Gen., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

RABINOWITZ, Chief Justice.

The issues in this appeal arise out of condemnation proceedings in which the State of Alaska, pursuant to the state's power of eminent domain, acquired real property belonging to appellants James K. Tallman and Alice P. Tallman.

Prior to the proceedings, the Tallmans were the owners of record of Lots 4 and 5, Block 30, Original Townsite, city of Anchorage. The two parcels lay directly adjacent to the state courthouse property in Anchorage. When the state decided to expand its court facilities, the Tallman contiguous lots were chosen for the expansion project. The Department of Public Works, on behalf of the State of Alaska, initiated eminent domain proceedings to condemn the subject property. In order to acquire title to the property immediately, the state filed a declaration of taking along with the complaint.[1] The Tallmans moved to strike the declaration but the motion was denied.

A hearing before a master was held on July 9, 1970, to determine just compensation for the taking of the Tallman property. The master estimated just compensation to be $150,000. Not satisfied with the amount of the master's award, the Tallmans appealed to the superior court for a trial de novo before a jury on the question of compensation.[2] Following trial, the

---

1. Pursuant to AS 09.55.440(a), the state deposited with the superior court $126,000, its estimate of just compensation.

2. Appeal to the superior court was had pursuant to AS 09.55.320.

jury returned a verdict awarding the Tallmans $126,000 as just compensation for the taking of their property and judgment was entered on the verdict. From that judgment, the Tallmans appeal.

The Tallmans raise numerous specifications of error in this appeal. At trial, the Tallmans challenged the array of the jury panel, apparently on the ground that the state officials who selected the panel possessed an interest adverse to theirs. The Tallmans requested that a new panel be drawn in their presence in order to assure a fair and impartial selection. Although the trial court denied their motion, it offered to permit the Tallmans to depose the jury selection officials. The Tallmans countered that discovery would be of no avail and suggested that the only remedy would be the selection of a new panel in their presence. The Tallmans argue that the jury officials as employees of the court system stood to benefit from the new courthouse, and hence could not be assumed to be without prejudice in the impanelling of the jury.

■ Jury selection in Alaska is regulated by statute and rules of procedure. The administrative director of courts prepares a list of names of qualified persons who are drawn from the lists of persons purchasing fish and game licenses, from the list of persons filing state income tax returns, and from the list of persons who are registered to vote in the state.[3] Names of persons for the jury panel are then randomly selected from the jury list by the court clerk at a public drawing.[4] Nothing in the record in the case at bar suggests that the officials entrusted with this duty departed from statutory procedures designed to insure an impartially selected panel. Unless a challenging party makes some showing of a miscarriage of the official duty, we shall presume that duty has been regularly performed.[5]

■ The Tallmans' claim that the supposed interest of the jury selection officials raises suspicion about the impartiality of the panel selection is also unsubstantiated. Alaska's random and public jury selection procedures are designed to insulate the selection process from the personal interests and biases of governmental officials. The mere claim that the jury officials stood to benefit from the construction of the new Anchorage courthouse in no way suggested that those officials harbored any personal interest or bias against the Tallmans. Absent some more substantial showing, we are unable to conclude that the jury panel was impartially or unfairly drawn.[6] The record is totally devoid of any evidence which would cast suspicion on the proceedings for selecting the jurors which composed the condemnation trial panel. We conclude, therefore, that the superior court's refusal to draw a new panel in the Tallmans' presence was not erroneous.[7]

■ The Tallmans have also challenged the validity of the declaration of taking on the grounds that its use in this case was a subterfuge. In this regard, the Tallmans argue that the new Anchorage courthouse is owned by the Alaska State Housing Authority and unlike the Department of Public Works, A.S.H.A. has no authority to

---

3. AS 09.20.050.

4. AS 09.20.060–.080.

5. Irwin v. Radio Corp. of America, 430 P. 2d 159, 161 (Alaska 1967).

6. *See* Glasser v. United States, 315 U.S. 60, 87, 62 S.Ct. 457, 86 L.Ed. 680, 708 (1942).

7. Appellants rely heavily on Commonwealth of Kentucky, Dep't of Highways v. Garland, 394 S.W.2d 450 (Ky.1965). However, *Garland* is distinguishable from the instant case since in *Garland* the jury commissioner was a condemnee of land in the eminent domain proceeding for which he was selecting jurors.

employ a declaration of taking in condemnation proceedings. Bridges v. Alaska State Housing Authority, 349 P.2d 149 (Alaska 1959). However, despite the Tallmans' allegations, the record reveals that the Department of Public Works, on behalf of the State of Alaska, was the condemning authority.[8] The Tallmans' claim in regard to this specification of error was similarly unsupported.

8. See AS 35.20.010 and AS 35.20.020 which grant to the Department of Public Works eminent domain powers, as well as the right to employ a declaration of taking in eminent domain proceedings.

We have studied the numerous other specifications of error claimed by the Tallmans. Careful consideration of the briefs and record leads us to conclude that these remaining assertions of error are without substance or merit. Accordingly, the judgment of the superior court is affirmed.

FITZGERALD, J., not participating.