## Commonwealth, by State Highway Commission, v. Crutchfield et al.

(Decided Nov. 12, 1935.)

JOHN E. CAMPBELL for appellant.

CRAFT & STANFILL and W. C. EVERSOLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The commonwealth of Kentucky, by the state highway commission, brought this action in the Perry county court to condemn for highway purposes a lot belonging to Rube Crutchfield. The commissioners appointed by the court fixed the damages at $250. Both parties excepted to the report of the commissioners, and a jury fixed the damages at $300. On appeal by Crutchfield to the Perry circuit court, the jury fixed the damages at $1,000. The commonwealth, by the state highway commission, appeals.

It is first insisted that the appeal from the county court to the circuit court should have been dismissed on the ground that no statement of the parties to the appeal was filed in the circuit court as required by section 840, Kentucky Statutes. The record discloses the following: The papers in the county court were delivered to the clerk of the circuit court. An appeal bond was executed by Crutchfield. Summons on appeal in the case of Rube Crutchfield, etc., Appellant, v. Commonwealth, by etc., Appellee, was issued by the clerk of the circuit court, and executed on the attorney for the highway commission. The case was then set for trial, and the motion to dismiss was made after Crutchfield's evidence was heard. In our opinion it was then too late to insist that the appeal be dismissed for the failure to file a statement of the parties to the appeal, and the court did not err in overruling the motion to dismiss.

The main ground urged for reversal is that the court erred in placing the burden of proof on Crutchfield. The point is well taken. We have ruled in numerous cases that where, as here, exceptions are filed by both parties to the report of the commissioners in a con-

demnation proceeding, the burden of proof is on the condemnor, and it is entitled to the closing argument. Warfield Natural Gas Co. v. Hammons, 233 Ky. 48, 24 S. W. (2d) 933; Saulsberry v. Kentucky & West Virginia Power Co., 226 Ky. 75, 10 S. W. (2d) 451; Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991; Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071; Shelbyville & Eminence Turnpike Co. v. Louisville & N. R. Co., 51 S. W. 805, 21 Ky. Law Rep. 548; Calor Oil & Gas Co. v. Franzell (Ky.) 122 S. W. 188.

Another ground urged for reversal is that a witness for appellant was improperly required to state on cross-examination what had been given an adjoining landowner for right of way through his land. This contention is also sound; it being the rule in this state that it is error to admit testimony as to prices that were paid to others in the neighborhood in obtaining right of way across their land in the construction of the same highway. Commonwealth v. Combs, 229 Ky. 627, 17 S. W. (2d) 748; Chicago, St. L. & N. O. R. Co. v. Ware, 220 Ky. 778, 295 S. W. 1000; Kentucky Hydro-Electric Co. v. Woodard, 216 Ky. 618, 287 S. W. 985.

As the case must be reversed on other grounds, it becomes unnecessary to determine whether or not the damages are excessive.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.