**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Otie FARRA et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1960.

Jo M. Ferguson, Atty. Gen., Astor Hogg, ·Chief Asst. Atty. Gen., J. Sidney Caudel, Dept. of Highways, Frankfort, for appellant.

Sam Ward, Don Ward, Hazard, for appellees.

STANLEY, Commissioner.

In reconstructing a highway in Perry County, required by the construction of the Buckhorn Dam in the Kentucky River, it became necessary for the Department of Highways to condemn a right of way and temporary easements on the property of Otie Farra and Malta Farra. The proceeding was under KRS 177.081–177.089. Commissioners of the county court reported the value of the land to be taken as $171.90 and "incidental damages, less benefits" as $400, a total of $571.90. The county court confirmed the report. On appeal of both parties, the verdict and judgment in the circuit court were for a total of $2,500 to the landowners. The Department seeks a reversal on three grounds of error.

(1) At the commencement of the trial, the court overruled the Department's motion that it be allowed the burden of proof. The court thought "it would be unfair" to the property owners and "advantageous to the Commonwealth to prove the damages just as small as possible and that is not the object of the suit."

The trial in the circuit court was de novo. KRS 177.087. Since the condemnor of property would necessarily be defeated if no evidence were given on either side, the condemnor, under general rules of procedure, has the right to open and close the evidence and have the last argument. CR 43.01. As stated in Commonwealth by State Highway Commission v. Crutchfield, 261 Ky. 272, 87 S.W.2d 598, "We have ruled in numerous cases that where, as here, exceptions are filed by both parties to the report of the commissioners in a condemnation proceeding, the burden of proof is on the condemnor, and it is entitled to the closing argument." Many earlier and later decisions sustain that rule. A late case is Commonwealth, Department of Highways v. Snyder, Ky., 309 S.W.2d 351.

The appellees maintain that the error was cured or rendered harmless because a witness for the Department testified first

"by agreement of the parties that the order of taking evidence" be waived. A department engineer was the first witness. His testimony was confined to introducing survey maps and plans for the road and describing and explaining the distances and areas of the property condemned. We cannot regard this as a waiver of the condemnor's right to open and close the case.

(2) Following the testimony of the engineer, the Department moved the court "to let the jury view the premises." The ruling was reserved. At the conclusion of all the evidence, similar motions were made by both parties. They were overruled.

KRS 177.087, a section of the 1952 Act, which prescribes condemnation proceedings for highways, provides in part that, "All questions of fact pertaining to the amount of compensation to the owner or owners shall be determined by a jury, which jury, on the application of either party, shall be sent by the court, in the charge of the sheriff, to view the land and material." The appellees, to sustain the ruling of the court, rely upon several eminent domain cases holding that it is a matter of discretion of the trial court whether to send the jury to view the premises, and that this court will not disturb the trial court's ruling except where there was an abuse of discretion. One of the late cases is Commonwealth v. Crutcher, Ky., 240 S.W.2d 605. Those cases were tried under KRS 416.010, et seq., which is a statute of long standing. It expressly covers condemnation of a railroad right of way but has been adopted by reference and used for condemnation of highway and other public purposes, as in the Crutcher case. That statute, KRS 416.050, provides that upon request of either party "the jury *may* be sent by the court" to view the property. Under the procedure followed in the present case, as stated above, the mandatory word *"shall"* is used.

It is to be noted that in the several eminent domain statutes it is provided that commissioners appointed by the county court in the initial proceedings "shall view the land or material." KRS 177.083, 416.-050. Their determination of values and compensation is confined to their personal observation. They hear no evidence. There is a difference of opinion among the courts as to the purpose of having the jury view the premises. Some courts regard the purpose as being that the jury may better understand and more intelligently apply the evidence they hear in court, and not as being evidence itself. Other courts hold that the jury may reach their conclusion from what they have seen, even though the conclusion does not accord with the weight of the testimony. 29 C.J.S. Eminent Domain § 288b, p. 1296. We have held that their estimates of values and damages are of more persuasive influence when the jury viewed the premises. City of Middlesboro v. Chasteen, 285 Ky. 427, 148 S.W.2d 295.

It is stated in Nichols on Eminent Domain, § 18.3, that a view by the jury of the premises has been held "absolutely essential to an intelligent understanding of the case by that body, and in every jurisdiction a view in eminent proceedings is either authorized or required by statute."

The Illinois eminent domain statute contains the provision that the "jury shall, at the request of either party, go upon the land sought to be taken or damaged, in person, and examine the same." Ill.Rev.Stat. 1959, c. 47, § 9. The peremptory language of the statute has been consistently held to make it the duty of the trial court, at the request of either party, to permit the jury to go upon the land sought to be taken or damaged. Note 103 A.L.R. 168. The same construction is given like statutes in several other states. Annotation, "Right to have view by jury in condemnation proceedings," 103 A.L.R. 163, subtitle p. 168.

We are of opinion, therefore, that the court erred in overruling the motion of the Department that the jury view the premises.

(3) A substantial area of land was being taken, though the county court commissioners regarded it as worth only $171.90. The instructions to the jury recognized this and required the finding of the "fair and reasonable cash value of the land taken as of March 13, 1958, considering it in relation to the entire tract of which it was a part," and also a finding of the damage to the remainder of the tract, if any. The jury was further instructed to state separately the amount awarded for "the land taken as a permanent right of way" and for "damages to the remainder of the tract, if any." Notwithstanding the instructions, the verdict was "the sum of $500 for timber and $2,000 for coal and tipple." It made no award for the land taken. The nonconformity of the verdict with instructions was raised in the Department's motion for a new trial, which was overruled.

The appellees recognize the general rule to be that it is the duty of the jury to be governed by the instructions, whether right or wrong, and if it does not, the verdict will be set aside as contrary to law. But they submit that the appellant waived its right to complain of the verdict by failing to object to the form at the time it was rendered, and that, in any event, it cannot complain of the verdict since the failure to award anything for the land was beneficial to the Commonwealth.

As the vice in the verdict is of the substance and affects the merits of the case, it cannot be regarded as an irregularity or defect in form. Davis v. Stone, 172 Ky. 696, 189 S.W. 937; Anderson's Ex'x v. Hockensmith, Ky., 322 S.W.2d 489. It is true that on its face the omission from the verdict was favorable to the Commonwealth; but without an award for the land taken, there could be no reasonable or legal assessment for consequential damages or for personal property on the land. The incongruous verdict was inconsistent and did not conform to the instructions.

The judgment is reversed.