COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Norman HACKWORTH et al., Appellees.

Court of Appeals of Kentucky.

Oct. 23, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Walter Mobley, Flemingsburg, J. G. M. Robinson, Caldwell & Robinson, Ashland, for appellant.

John W. McKenzie, Ashland, for appellees.

DAVIS, Commissioner.

This condemnation suit involves the acquisition by appellant of a four-acre tract owned by appellees near Cannonsburg. The principal question is whether reversible error was committed upon the trial when the court refused to permit the jury to view the residence which had been on the condemned tract at time of taking, but moved from it at the time of trial.

The instant taking encompassed all of the tract. At the time of taking there was situated upon the land a residence and some other outbuildings. Although appellant acquired the entire tract, together with its improvements, it subsequently sold the residence to appellees, who caused it to be moved from the condemned lot to another site, about 2,000 feet away.

This case came on for trial on May 14, 1962, (before the decision in Com., Dept. of Highways v. Sherrod, Ky., 367 S.W. 2d 844). After the jury was empaneled, but before introduction of evidence, the attorney for appellant, in chambers, moved the court to permit the jury to view the premises at some time during the course of trial. Incident to the motion, the appellant's attorney apprised the court that the residence formerly on the condemned lot had been removed to another location, on the same highway, about 2,000 feet distant from its original location. It was represented to the trial court that the appellees continued to reside in the dwelling and that it was "in substantially the same condition" although there had been "some small additions to the house since it was moved and relocated."

Appellees objected to the view on the basic ground that the situation, both with respect to the dwelling and the four acres of land, was so materially changed that a view would not fairly depict the condition of either as of the time of taking. The trial court permitted the jury to view the four-acre site, but denied the motion to permit the jury to view the moved residence.

It is appropriate to note that the attorney for appellant, at the time of the motion for a jury view, stated to the court that there would be no objection to evidence in behalf of the appellees relating to changes or alterations occasioned by reason of the moving of the house.

The jury returned its verdict for appellees for $24,000. There was no separation in the verdict as to amount allowed for land as distinguished from allowance for the improvements. The county court commissioners had fixed the value of the taking at $21,366.

It is recognized by the litigants that KRS 177.087(1) provides, inter alia, " * * * [the] jury, on the application of either party, shall be sent by the court * * * to view the land and material." Moreover, the trial court and litigants were cognizant of our decision in Com.,

**374**

Dept. of Highways v. Farra, Ky., 338 S.W.2d 696, in which this court enunciated its view that, upon proper motion therefor, the trial court should permit a jury view of the property involved.

It is argued for appellees that the circumstances of this case warrant a different result, because there was obviously such a material change in the condition of the taken property between date of taking and the trial date. The suggestion is made that a case may arise wherein the improvements have been transported outside of Kentucky, thus making it impracticable to send the jury for a view. However that may be, we do not have such a case here. Present questions suffice for the present; when and if the suggested condition is presented will be the time to answer its problems.

It is our conclusion that the trial court erred when it denied appellant's motion for a jury view. There was no preliminary inquiry by the trial court looking toward judicial determination of whether such material change in fact existed as to utterly frustrate the purpose of a jury view. Failing that inquiry, at least, it was an abuse of discretion to forbid the jury view. We cannot say that this was harmless error within the purview of CR 61.01. See Com., Dept. of Highways v. Houchins, Ky., 380 S.W.2d 95.

▉ Appellant complains that appellees' witnesses attributed separate market values to a septic tank, a water well and a utility pole. On another trial this will not occur, as the court will apply the rule set forth in Com., Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640; Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472; and Com., Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W. 2d 249.

Since there is to be another trial, we reserve without decision the question whether the verdict is excessive.

The judgment is reversed for proceedings consistent with the opinion.