**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Earl COTTRELL et al., Appellees.**

Court of Appeals of Kentucky.

March 4, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Joseph R. Huddleston, Bowling Green, Tildon H. McMasters, Elizabethtown, for appellant.

Davis Williams, Munfordville, for appellees.

HILL, Judge.

The Department of Highways appeals from a $7,500 jury verdict and judgment for 10.76 acres of land taken out of appel-

lees' 92.5-acre farm located two miles south of Bonnieville in Hart County to be used in construction of a part of I–65.

Only one witness testified for appellant. He fixed the before value of appellees' farm at $13,480 and the after value at $11,-140 for a difference of $2,340.

Eight witnesses testified for the landowners, whose before values ranged from a high of $16,500 to a low of $14,606. They fixed after values between a high of $8,-937.50 and a low of $6,175. Of these eight witnesses, the lowest estimate of difference between before and after value was $6,000, and the highest difference was $9,712.50.

Appellant complains of four instances in which it is claimed the trial court erred in admitting or excluding certain testimony and complains that the verdict is excessive.

Before discussing the questions raised, it may be well to point out that of the 92.5 acres of the farm before taking 30 acres were tillable, 20 acres were rocky pasture land, and 41.5 acres were in woodland. Of the 10.75 acres taken, about 4 acres were tillable, 5 acres were pasture land, and 2.5 acres were woodland. Approximately 49.23 acres were completely landlocked. Included in the landlocked tract were about 7.3 tillable acres, 5 acres in pasture, and the balance in woodland.

■ First, appellant complains that its witness Crabtree was asked by counsel for appellees and was permitted to answer the following question over objection: "Now, if you had a 92½ acre farm like this Earl Cottrell farm you have been over and you had a 12 or 15 cow dairy on it, after you take off this 60½ acres and left him 32, it would be difficult to operate a dairy on such a farm, wouldn't it?" To which witness replied: "Well, the only thing it would effect (sic) if you took off 12 acres of land that is suitable for pasture or grazing land or I mean the tillable land and the pasture land. It only took off five acres of pasture and 7 acres of tillable land. It would reduce your operation some, yes." Testimony of

this character is inadmissible under the rules announced in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S. W.2d 844 (1963). Crabtree placed no price on the factors referred to in the above question and answer. Sherrod states on page 854, "no price should be put on the individual factors." We think this testimony was improper but not prejudicial.

■ Appellant next contends its witness Coons was improperly interrogated on cross-examination relative to drainage of water onto appellees' remaining land after construction of the highway. Coons was asked: "Would you tell the jury if the state after the road was put in, is taking water from any other sources than those that water also came on Mr. Cottrell's property from and putting it through those pipes?" His answer: "No, sir, we are still carrying the same water that fell on that property before. We are not picking up any additional water from any place else on this property. No channel changes." Coons was also asked whether "The water comes out of these three pipes which you showed to the jury is the water that was going onto Mr. Cottrell's property?" He answered: "Yes, that water was falling on his property before." We do not consider this evidence prejudicial to appellant; in fact, it is beneficial to it. It shows there was no additional water discharged onto appellees' property. We find no evidence in the record indicating a violation of the water rights announced in Wallace v. Schneider, 310 Ky. 17, 219 S.W.2d 977 (1949), cited by appellant.

■ Conceding that, in itself, it is not sufficient error to reverse, appellant argues that taken with other assigned errors the ruling of the trial court in failing to strike the testimony of Otis Highbaugh as to the after value of the landlocked tract was prejudicial and grounds for reversing the judgment.

Counsel for appellant asked Highbaugh specifically whether the landlocked tract

had any "value to the man they are taking it from," and he answered: "No value to the man they are taking it from."

It should be noted this witness did not testify the landlocked tract had no market value. He was not interrogated on market value. He used a factor improper for determination.

The question to be determined is not what the landlocked tract was worth to Cottrell but what it was worth at a fair market value. The evidence was improper but we doubt it was prejudicial to the point of justifying a reversal.

Appellant's final blast at the evidence is as follows: "The trial judge erred in not permitting counsel for appellant to cross-examine appellees' witnesses concerning the specific dollar amount they had allocated to improvements and land in arriving at their after values." The Sherrod case, supra, refers to "damage factors" but does not stand for the proposition that a party may not cross-examine adverse witnesses on elements of damages in order to test their means of arriving at before and after values. Commonwealth, Department of Highways v. Cardinal Hills Nursery, Ky., 380 S.W.2d 249 (1964), specifically authorized such cross-examination. However, the question whether or not appellant could have elicited such answers on cross-examination as would have weakened or destroyed any of the evidence given on direct-examination must go unanswered. Appellant had a right under CR 43.10 to interrogate the witness in the absence of the jury to determine whether his answers were beneficial to appellant and to move their admission to the jury in the event they were beneficial. Not having done so, he is in no position to complain of the ruling of the trial court sustaining objection to his questions. It is not shown or claimed in what manner appellant has been prejudiced by the ruling of the court.

Finally, it is said the verdict is excessive. It appears liberal, but we cannot say it is excessive under the rules announced in Commonwealth, Dept. of Highways v. Lyons, 364 S.W.2d 336 (1963).

The judgment is affirmed.