COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

W. T. JEWELL et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1966.

Rehearing Denied Sept. 16, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Tildon McMasters, Dept. of Highways, Elizabethtown, for appellant.

Chas. R. Richardson, Richardson & Goodman, Munfordville, for appellees.

HILL, Judge.

No part of appellees' 90-acre farm is taken by the construction of highway I-65 through Hart County, but their only access road, a gravel and dirt public passway, has been permanently obstructed by the building of I-65 without an overpass or underpass. The judgment entered on the verdict amounts to $6,500. The county court commissioners awarded $2,000.

For reversal appellant charges that (1) the trial court committed error in overruling its motion that the jury be sent to view the farm, (2) evidence without probative value was admitted, (3) the trial court committed prejudicial error in refusing to allow appellant to show by the landowner on cross-examination the amount paid for the farm twelve years before the trial, and (4) the amount of the verdict was excessive.

Before discussing the legal questions, it may be well to note that appellees' farm has no buildings; about half of it is in timber; it is assigned a one-half acre tobacco base; there is testimony that there are about 1,500 cedar posts, five inches through, available for cutting; and that a twenty-acre tract is cleared cropland.

The two witnesses for appellant fixed the difference between before and after values of the farm at $1,000 and $775, while two witnesses for appellees fixed the difference at $8,500 and $8,000.

First to the question of the action of the trial court overruling appellant's motion that the jury view the farm. KRS 177.087 makes it mandatory that the jury be allowed to view the premises on motion of either party. Commonwealth, Department of Highways v. Farra, Ky., 338 S.W. 2d 696. Even so, there may be unusual or extreme circumstances, such as in the present case, in which the court may have discretion.

■ It was contended by appellees in resistance to the appellant's motion for the jury to view the land that the route necessary for the jury to take to see the farm was rough and inaccessible and that some of the jurors including one woman were physically unable to make the journey of

two miles or more over fences and rough terrain. Appellant countered with the suggestion that the permanent fence along I–65 should have been cut and the jury allowed to "pass over Jordan," thence through the woods and rough roads to the farm. Under the difficult circumstances, we think the trial judge had a discretion and did not abuse it in overruling appellant's motion notwithstanding the use of the word "shall" in connection with the statutory right of either litigant to have the jury view the land affected by condemnation.

It is next stated in appellant's brief that "Rev. Jewell's after value of zero, and Judge Cottrell's and Mr. Reynold's after value of $1000 are so incredible and contrary to common knowledge as to be without evidentiary value."

■ It is interesting to note that appellant's brief also listed the after value of the two Commonwealth witnesses at $1,700 and $1,475. So there isn't a great deal of difference between the evidence of appellees and that for appellant on the after value except for that of the Reverend Mr. Jewell. We must conclude his evidence was without probative value. In fact, his evidence was incredible and absurd. It is common knowledge that ninety acres of land located anywhere in Kentucky has some value. Moreover, if the farm contains the timber testified to by appellees, they have a right under KRS 381.580 to acquire a passway over other land. (Incidentally, from the evidence it is only 4,000 feet from the east boundary of appellees' farm to another road, the Wabash-Upton Road, a much better one than that destroyed by appellant according to the affidavits filed in resistance to motion to have the jury view the premises.) We think the evidence of Judge Cottrell and Mr. Reynolds had some evidentiary value, and it fell the lot of the jury to weigh it against the appellant's evidence. The testimony of the Reverend Mr. Jewell on after value should have been stricken. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963).

■ The third argument of appellant maintains that the trial court erred in refusing to allow appellant to prove by appellee Rev. W. T. Jewell what he paid for the farm twelve years before. There was no avowal or request that the witness be allowed to answer in the absence of the jury as CR 43.10 plainly outlines. The procedure outlined by CR 43.10 had been required by opinions of this court long before the adoption of the present civil rules of procedure. Cf. Globe Indemnity Co. v. Daviess, 251 Ky. 442, 65 S.W.2d 456; Robertson v. Commonwealth, 269 Ky. 317, 107 S.W.2d 292; East Kentucky Rural Electric Coop. Corp. v. Smith, Ky., 310 S.W.2d 535. Also by many later cases including the most recent one of Commonwealth, Department of Highways v. Cottrell, Ky., 400 S.W.2d 228 (1966).

Finally, it is suggested the amount of the verdict was excessive, and we agree it was.

■ We do not have the benefit of the assessed valuation of the farm; nor do we have the benefit of its last sale price, even though it was twelve years before the trial of this case. The fact remains, though, that not an inch of appellees' property has been taken. No fences, if there were any on the land, have been disturbed. It is only 4,000 feet to the Wabash-Upton Road, and an easement fifteen feet wide would require only 60,000 square feet, or a little over one acre, the cost of which would not be very great. We consider $6,500 for the easement taken to be palpably excessive. Cf. Ballard v. King, Ky., 373 S.W.2d 591 (1963).

The judgment is reversed for a new trial.

MOREMEN, C. J., and MONTGOMERY, J., dissent.

MONTGOMERY, Judge (dissenting).

I cannot agree with the part of the majority opinion that holds that it is within

the trial judge's discretion whether the jury should be permitted to view the property. KRS 177.087, in mandatory language, says that the "jury, on the application of either party, shall be sent by the court, * * * to view the land and material."

"Shall" as used in statutes is usually indicative that the requirement is mandatory. Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884. This court has repeatedly held that "shall" as used in KRS 177.087 is mandatory. Commonwealth, Department of Highways v. Farra, Ky., 338 S.W.2d 696; Commonwealth, Department of Highways v. Houchins, Ky., 380 S.W.2d 95; Commonwealth, Department of Highways v. Hackworth, Ky., 383 S.W.2d 372. When a mandatory statute, as KRS 177.087 has been so construed, is invoked, courts have no discretion in its administration except to enforce it as written. Campbell v. Little, 251 Ky. 812, 66 S.W.2d 67. "Courts" include trial and appellate courts. The majority opinion is in error in holding that the trial court had a discretion in the matter in the absence of a showing of destruction or such change in the property as would render viewing futile. Here, there was no change in the property. The failure to send the jury to view the property was prejudicial in view of this court's conclusion that the verdict was excessive.

This destructive step removes another precedent which has been a guide in the construction of laws and legal documents. If this part of the opinion is permitted to stand, by what precedent may a lawyer determine whether language is mandatory or permissive? Instead of destroying precedents it seems that their preservation as a means of protecting the stability of the law should be guarded. There is so much destruction of precedent now that the stability of the law is in danger.

For this reason I respectfully dissent in part from the majority opinion.