**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Luther BATES et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1966.

As Modified on Denial of Rehearing
Dec. 16, 1966.

Robert Matthews, Atty. Gen., J. C. Smith (Dept. of Highways), Frankfort, Edmond H. Tackett, Pikeville, for appellant.

Combs & Polly, Whitesburg, for appellees.

PALMORE, Judge.

The state highway department appeals from a judgment awarding appellees, Luther Bates and wife, $30,000 in a condemnation proceeding.

Before the taking the Bates property consisted of two dwelling houses, a concrete block garage building, and other lesser improvements situated on a 1.2-acre plot of ground on Kentucky Highway 15 within the city limits of Whitesburg. The portion acquired by the state consisted of a strip through the center of the property and included a 9-room brick veneer residence. After the taking this house was sold back to Bates and was removed to another location in the county.

■ Reluctantly, we must reverse because the trial court declined to permit a jury view. "The peremptory language of the statute [KRS 177.087] has been consistently held to make it the duty of the trial court, at the request of either party, to permit the jury to go upon the land sought to be taken or damaged." Commonwealth, Dept. of Highways v. Farra, Ky., 338 S.W. 2d 696, 698 (1960).

■ The reason given for overruling the highway department's motion for a view was "that the residence building has been removed from the premises and there has been a change in condition and the Court feels that it would serve no useful benefit for the Jury to view the premises." Unfortunately, however, and regardless of whatever unrecorded information may have been discussed or disclosed in chambers, our review is confined to the bleak pages of the record, and the only change of conditions indicated there is the removal of the 9-room brick residence. "The mere fact that the residence had been removed * * * was not sufficient to deprive appellant of the right to a jury view, because there was no showing of any substantial change in the condition of the house." Commonwealth, Dept. of Highways v. Garland, Ky., 394 S.W.2d 450, 451, 453 (1965).

In Commonwealth, Dept. of Highways v. Hackworth, Ky., 400 S.W.2d 217 (1966), it was held to be discretionary with the trial court to limit the view of a relocated building to an outside look, upon (1) evidence that there had been a substantial change in the building and (2) a finding that by reason thereof a view would not be helpful, or would be misleading. In this case we have the finding, but not the evidence, nor is there any indication as to why the jurors were not sent for a view of the remainder of the property as it appeared after the taking.

■ We do not find any other errors. It was not improper for the landowners' counsel to say in his opening statement that they had paid $33,000 for the residence if he intended to introduce that information in evidence for the purpose of relating it to market value. Cf. Commonwealth, Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249, 253–254 (1946); Commonwealth, Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640, 643–644 (1961). When the landowners rested their case without having adduced any such evidence, counsel for the highway department did not seek any corrective action or admonition from the court, so there is no basis for the claim of error.

The appellees' argument that the Highway Department's appeal from the county court to the circuit court was not timely is not entitled to consideration because no cross appeal was filed.

The cause is reversed with directions for a new trial.