COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Stephen C. EBERENZ, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1968.

Rehearing Denied Jan. 31, 1969.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, E. Preston Young, Raleigh O. Jones, Louisville, for appellant.

Marshall B. Hardy, Jr., Hardy, Logan & Tross, E. P. Sawyer, Louisville, Maye Briscoe Burns, Dept. of Revenue, Frankfort, for appellees.

WILLIAMS, Judge.

In this condemnation action a jury in the Jefferson Circuit Court awarded the appellees Stephen C. Eberenz and Doris M. Eberenz $14,785.00 as compensation for the acquisition of a portion of their property. In its appeal from the judgment entered on that verdict the Commonwealth has set out numerous alleged errors. We will discuss those points which were properly preserved and might recur on a new trial.

■ Appellees' property fronts Preston Street Road, in Louisville, a distance of 137.9 feet. The Commonwealth condemned a 13-foot strip across the front. Partially located on that strip was a frame building used as a combination grocery, tavern and living quarters. The taking of the strip necessitated the destruction of the building. A concrete block structure situated near the frame building was not affected by the taking.

The property forms a general "L" shape. It extends back from Preston Street Road more than 200 feet, at which point it turns at right angles to join two lots fronting another street. The lot on Preston Street Road was acquired in 1954 and the other lots were acquired at later dates. The property fronting Preston Street Road is zoned "Commercial" a distance of 200 feet back from the road. The remainder of appellees' property is zoned "Residential".

Prior to taking any proof the trial court ruled that only the portion of appellees' property which is zoned "Commercial" should be considered in making a determination of the value of the entire property. The court found the property to be " * * physically contiguous and united in ownership but not in use, in that the back portion of said property is not commercially used and cannot be commercially used until the zoning has been changed." The authority cited is Commonwealth, Department of Highways v. Raybourn, Ky., 359 S.W.2d 611 (1962). There the landowners purchased a tract of land over which they knew a highway was to be built and which was contiguous to motel property they already owned. This court would not allow consideration of the two tracts together as a unit although ordinarily, it was pointed out, two or more parcels constitute one tract when they are physically contiguous and are united in use and ownership.

Since the Raybourn case, we have had occasion to examine two other situations pertaining to evaluation of all the property owned by a condemnee. In Commonwealth, Department of Highways v. Rogers, Ky., 399 S.W.2d 706 (1965), the property was devoted to two different uses. In front was a substantial residence with an extensive back yard enclosed by a rail fence. Beyond the fence to the rear were some buildings which comprised a sausage plant. We held that a landowner may not rightfully claim damages to his remaining land, even though contiguous, when the taking affects a parcel devoted to a special use unrelated to the remainder. On the other hand, in Jones v. Commonwealth, Department of Highways, Ky., 413 S.W.2d 65 (1967), we held that, although two parcels were actually separated, nevertheless they were being devoted to a single use and should be regarded as a whole for the purpose of assessing damages.

In the present case, the trial court excluded all property which was not zoned "Commercial". The exclusion covered a portion of appellees' lot purchased in 1954, as well as the other lots purchased later. The proof was that the land behind the buildings was level, somewhat swampy, and grown up in weeds. Except for that area adjacent to the buildings where automobiles could be parked, the back portion of the land was not being used for anything. Seemingly, the existence of commercial or residential classifications on different areas did not affect the manner in which they were being used.

The Commonwealth does not insist that the later acquired contiguous lots should have been included in the whole, but does insist that it was prejudiced by not being permitted to show the value of the entire lot purchased in 1954. We can readily understand the reasoning that a different zoning classification ordinarily indicates a different use, but here the fact is the back portions of the lot, although zoned differently, were being put to the same use. Consequently, it is our opinion the trial court erroneously excluded from the whole that portion of the lot not zoned "Commercial".

Also prior to the taking of proof, the Commonwealth moved the court to send the jury to view the property. Overruling the motion, the court made the following statement:

"It is represented to the court that the building which is the principal item of damage has been demolished and completely removed from the premises, therefore, the court overrules the motion."

KRS 177.087(1) provides that the jury "* * * on the application of either party, shall be sent by the court, in the charge of the sheriff, to view the land and material." The language of the statute appears to be mandatory. However, it has been held that under some circumstances it need not be followed. For example, in Commonwealth, Department of Highways v. Jewell, Ky., 405 S.W.2d 678 (1966), it was held

that, where the road to be taken to see the property was "rough and inaccessible and that some of the jurors including one woman were physically unable to make the journey, * * *" the trial judge did not abuse his discretion in denying the jury the right to see the property. It is interesting to note that the dissent in that case concedes the trial court has discretion if a showing is made of destruction or change in the property as would render viewing futile.

Two recent cases involving the same piece of property are of special interest. On the first trial (Commonwealth, Department of Highways v. Hackworth, Ky., 383 S.W.2d 372, 1964), the court refused to permit the jury to view the residence which had been on the condemned tract at the time of the taking but had been removed at the time of the trial. We held that, absent an inquiry looking toward a judicial determination of whether a material change existed as would utterly frustrate the purpose of a jury view, it was an abuse of discretion to deny such view. On the second trial (Commonwealth, Department of Highways v. Hackworth, Ky., 400 S.W. 2d 217, 1966), the court made an inquiry and found there had been a substantial change in the house. The jury was permitted to view the outside but not the inside of the house. In the course of our opinion we said:

"* * * had the trial court made a finding that, by reason of changed conditions a view would not be helpful, or would be misleading, we would not have reached the conclusion that a denial of the view was an abuse of discretion. In other words, with the facts now before us in the record, we are able to and do say that the trial court could properly have declined to permit any view whatever. * * *"

In the Hackworth cases, the question concerned a view of the building which had been moved to another location. There was no question about the right to view the land. In the present case the building had been destroyed and could not be viewed,

but the land remained, and for whatever value it might have afforded the jury a view should have been permitted. It is true the witnesses attributed more value to the destroyed building than to any other element. Still the jury was charged with the duty of determining the value of the entire property before and after the taking. We cannot say a view of the land would not have been beneficial in making that determination.

The trial court instructed the jury, in part, as follows:

"(b) The fair market value of the defendants' property remaining in its then condition immediately after the taking. In determining the value after the taking you will take into consideration any enhancement *or detriment* in the value of the remaining property that you believe from the evidence is attributable to the advantageous *or disadvantageous* relation of the property to the new highway, as distinguished from any general enhancement or *detriment* of values to the community to property not even abutting on the highway."

Except the italicized words, that instruction is one suggested as appropriate in Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302 (1964). The Commonwealth insists it was prejudiced by the inclusion of those italicized words and we agree. In fact, we are of the opinion that enhancement and detriment are but factors to be considered by the witnesses in making their evaluation, and neither should be included in an instruction. The witnesses, as well as the jury, may anticipate the completion of the project as planned. A willing seller and buyer would do the same. See Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674 (1966). The enhancement or detriment occasioned by a taking are but factors to be considered in determining the value of property after the taking. It is customary and right that various factors should be considered in making an evaluation, but such factors should not be singled out in an instruction. That portion of the instruction set out in Commonwealth, Department of Highways v. Priest, supra, which pertains to any enhancement in value shall henceforth be omitted. Insofar as Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963) directs that the jury shall be instructed on enhancement, it is overruled.

The judgment is reversed.

All concur.