COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Virgil HAMILTON et al., Appellees.

Court of Appeals of Kentucky.

May 18, 1973.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, F. Byrd Hogg, Whitesburg, Edmond H. Tackett, Pikeville, for appellant.

Henry D. Stratton, Stratton & Johnson, Pikeville, for appellees.

STEINFELD, Justice.

The Commonwealth condemned an entire corner lot and the house thereon in the village of Coal Run, Kentucky, about four miles north of Pikeville, Kentucky, for the construction of the Pikeville-Prestonsburg Road. The lot, which contained 13,068 square feet, was generally rectangular, having frontage of 130 feet on U.S. 23 and 100 feet on Combs Avenue. At the time of taking there was located on the lot a one and one-half story, 18-year-old frame residence containing four bedrooms, a living room, dining room, kitchen and bathroom. It was heated by gas and was served by electricity. The jury awarded the owners $25,990. From a judgment entered on that verdict, the Commonwealth appeals, claiming that the court erred in refusing its application to have the jury view the property and that the verdict was excessive.

KRS 177.087(1) provides that the " * * * jury, on the application of either party, *shall* be sent by the court, in the charge of the sheriff, to view the land and material." (Emphasis ours). The Commonwealth, on this appeal, forcefully argues that we should reverse because the statute is mandatory. Some cases have so indicated. See Commonwealth, Dept. of Highways v. Farra, Ky., 338 S.W.2d 696 (1960); Commonwealth, Dept. of Highways v. Raleigh, Ky., 375 S.W.2d 384 (1964); and Commonwealth, Dept. of Highways v. Houchins, Ky., 380 S.W.2d 95 (1964). This has been declared the rule even though there have been changes in the property, as in Commonwealth, Dept. of Highways v. Hackworth, Ky., 383 S.W. 2d 372 (1964), and Commonwealth, Dept. of Highways v. Bates, Ky., 408 S.W.2d 424 (1966). In the latter two cases the buildings had been removed. We declared error in refusing an application for the jury to see the Property in Commonwealth, Dept. of Highways v. Eberenz, Ky., 435 S.W.2d 753 (1968), although the building had been destroyed, commenting that viewing the land may have been enlightening to the jury. We observed in Terry & Wright of Kentucky v. Crick, Ky., 418 S.W.2d 217 (1967), that absent " * * * unusual or extreme circumstances * * *" it is the duty of the court to allow the jury to view the property. Unusual circumstances existed in Commonwealth, Dept. of Highways v. Jewell, Ky., 405 S.W.2d 678 (1966), because the route to the property

was so rough and inaccessible that some of the jurors were physically unable to make the journey. (The cases which construed KRS 416.050 listed under Eminent Domain, Ky. Digest, are not helpful as that statute uses the words "may be sent". KRS 99.420(7) also uses the word "may" and allows a discretion. Urban Renewal & Community Development Agency of Louisville v. Fledderman, Ky., 419 S.W.2d 741 (1967), and Fisher v. Urban Renewal & Community Development Agency of Louisville, Ky., 425 S.W.2d 744 (1968) ).

 The trial court heard evidence to determine whether there had been such drastic changes that allowing the jury to view the property would meet the " * * * unusual or extreme circumstance test * * *" envisioned by Commonwealth, Dept. of Highways v. Jewell, supra. The evidence showed that the house had been moved to a location a short distance away (one to two miles), and that some alterations had been made to the front porch and to the chimney. Earthmoving equipment had been used on the lot to demolish the concrete-block foundation, and debris consisting of broken steps, concrete blocks and " * * * other things" existed thereon. Some shrubbery was gone, other shrubbery had been mashed down, and trees had been removed. There was testimony that there had been changes in the neighborhood by the removal of one or more houses.

We are referred to no case and we know of none holding that changes to the extent disclosed by the evidence authorized the court to disregard the mandatory provision of KRS 177.087(1). The Commonwealth concedes " * * * that if there has been such destruction of the property as to render a viewing of the property futile, the court has discretion to refuse the application," however, it says that "(s)uch is not the case here." We do not find that futility present (Commonwealth, Dept. of Highways v. Eberenz, supra), therefore we conclude that it was error for the trial court to deny the application of the Commonwealth to have the jury view the property taken. Commonwealth, Dept. of Highways v. Garland, Ky., 394 S.W.2d 450, 23 A.L.R.3rd 820 (1965). Following the reasoning of Garland, at 453, we direct that "(i)f the situation is substantially the same at the time of another trial as it was at the time of the trial on appeal here, the trial court will permit the jury to view the original lot, and the residence removed therefrom." Testimony can inform the jury of changes that have been made.

We need not and do not reach the claim that the verdict was excessive, which claim is reserved.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

PALMORE, C. J., and MILLIKEN, OSBORNE, and STEINFELD, JJ., concurring.