**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Mrs. Helen WALKER, widow, Appellee.**

Court of Appeals of Kentucky.

June 15, 1973.

Carl T. Miller, Jr., Gen. Counsel, Dept. of Highways, Frankfort, Theodore H. Lavit, Lavit & Blandford, Lebanon, James E. Arehart, Lexington, for appellant.

Pierce Lively, Lively & Rodes, Danville, for appellee.

PALMORE, Chief Justice.

Incident to the construction of a by-pass highway around the city of Danville the state highway department condemned approximately 10 acres of the appellee's 125-acre farm located on the west side of U. S. Highway 150 some 2½ miles south of the city. The department appeals from an award of $18,000.

The first complaint is that the trial court erred in permitting the jury to view the premises after they had been substantially changed by the project. Obedient to the mandatory language of KRS 177.087(1) this court has been rather strict in upholding the right to a view, and has rarely sustained its omission after a request for it by either party. See Com., Dept. of Highways v. Hamilton, Ky., 495 S.W.2d 187 (decided May 18, 1973), and cases therein discussed. In this instance the trial court might very well have committed reversible error by denying a view. Certainly it did not commit one by granting it.

The second contention is that evidence of assessed value for tax purposes

was erroneously excluded. We need not reach the point. The tax assessment was $55,000. The "before" values given by the witnesses and as found by the jury were as follows:

For the highway department:

| | |
|---|---|
| Matthews | $81,300 |
| Owens | 87,780 |

For the landowner:

| | |
|---|---|
| McNamara | 87,800 |
| Montgomery | 86,680 |

By the jury: $87,000

In view of the testimony of its own witness Owens to the effect that the property was worth $87,780 before the taking, the department obviously is in no position to question the jury's finding of $87,000. Hence the error, if any, in excluding the assessment figure could not have been prejudicial.

The third contention concerns an admonition given to the jury by the court at the request of counsel for the department.

As it approaches from the northwest and joins Highway 150 the by-pass road severs a 2.5-acre triangle at the northeast corner of the farm, fronting on Highway 150. It does not affect the access from this portion of the farm to Highway 150, nor does it materially disrupt the existing means of access to the remaining portion of the farm. Hence there was no submissible question as to loss of access as a compensable factor. However, the owner sought to make it an issue and the witnesses dwelt to some extent on the subject in placing values on the property as it lay after the taking, so counsel for the department moved the court to admonish the jury "that there is reasonable access to the 2½-acre tract which has been severed from the main area of the farm, and that likewise there is reasonable access to the remainder of the farm." In response, the court gave the following admonition:

"Ladies and Gentlemen of the jury, the Court admonishes you that as a matter of law that because Mrs. Walker is only subjected to a circuitous route of travel within reasonable limits, that the jury will not consider the access to the 2½ acre tract referred to in the evidence in arriving at the reduced value of the remaining property of Mrs. Walker."

Counsel for the department excepted to this admonition "pursuant to the ruling or holding in [Com., of Highways v. Adkins, Ky., 396 S.W.2d 768 (1965)] and because the Commonwealth has moved the court to simply admonish the jury that reasonable access does exist as to the 2½-acre tract, in that same was put in issue at the trial."

The complaint is that the trial court should not have alluded to the fact that Mrs. Walker would be subjected to a circuitous route of travel. We agree that it would be better, when the court is ruling as a matter of law that the condemnee has not been deprived of reasonable access, to admonish the jury simply not to consider any impairment in the means of access to the remaining property in arriving at its value after the taking. However, it is impossible to give an admonition not to consider something without indicating in some manner what it is that the jury is not to consider. The department concedes in its brief that, "In substance, the admonition told the jury just not to consider the access question." We see no substantial likelihood that the mention of "a circuitous route of travel" had a prejudicial effect upon the jury.

The department's contention that the admonition should have followed the language suggested in Com., Dept. of Highways v. Carlisle, Ky., 442 S.W.2d 294, 297 (1969), to the effect "that the landowner is entitled to no more than a reasonable access from his property to the public highway system, and that the jury should not

consider any loss or ·inconvenience of access," is not well taken, because that particular form was prescribed for the purpose of submitting the issue to the jury's determination, whereas in this case the purpose of the admonition was merely to exclude the matter from its consideration.

 The last and usual argument is that the verdict was excessive. It may have been, but we cannot find it so as a matter of law.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.