**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Mildred CAUDILL and Brooklyn Caudill, husband, Appellees.**

Court of Appeals of Kentucky.

May 23, 1975.

Jim D. Robinson, Gen. Counsel, Asst. Atty. Gen., Dept. of Highways, Frankfort, Roger R. Cantrell, Ashland, for appellant.

Earl R. Cooper, Salyersville, S. H. Johnson, Paintsville, for appellees.

STERNBERG, Justice.

The appellees, Mildred Caudill and Brooklyn Caudill, were awarded $15,000 by a jury as compensation for the condemnation by the Department of Highways of 10.37 acres of land in fee simple and a 0.28 permanent easement. The property was condemned in conjunction with the reconstruction of U. S. Highway 460 between Salyersville and Paintsville, in Magoffin County. The condemned property was a portion of a larger tract owned by the appellees, and was located approximately five miles from Salyersville on Mash Fork Road. Before the taking the tract consisted of a total of 169.7 acres. Of this, approximately 9.5 acres were level bottom land. The remaining 160.2 acres were hill land. A one and one-half story frame residence stood on the level portion of the property. Other improvements included a stock and tobacco barn, a pump house, a chicken house, a brooder house, and a concrete-block cellar.

The taking consisted of 2.88 acres of bottom land and 7.77 acres of wooded hill land. No improvements were affected by the taking. Two permanent easements were acquired by the Department of Highways for the purpose of constructing drainage ditches. Appellees' remaining bottom land was divided into three portions by these two easements.

The Commonwealth appeals on the grounds that: (1) the application for a jury view of the subject property was wrongfully denied, and (2) the verdict is excessive and unsupported by sufficient probative evidence.

Appellant argues that the trial court committed error when it refused appellant's application to have the jury view the subject property. KRS 177.087(1) allows either party to request that the jury view the property. In relevant part, that statute provides:

" * * * All questions of fact pertaining to the amount of compensation to the owner or owners shall be determined by a jury, which jury, on the application of either party, shall be sent by the court, in the charge of the sheriff, to view the land and material. * * *"

In Commonwealth, Department of Highways v. Hamilton, Ky., 495 S.W.2d 187, it was held that the requirement of KRS 177.087(1) is mandatory unless "unusual or extreme circumstances" exist. Unusual circumstances were found in Commonwealth, Department of Highways v. Jewell, Ky., 405 S.W.2d 678, because the route to the property was so rough and inaccessible that some of the jurors were physically unable to make the journey. In Commonwealth, Department of Highways v. Hackworth, Ky., 400 S.W.2d 217, the trial judge was upheld in his decision to restrict the jury view to the exterior of the house. The unusual circumstances were that the house which was taken had been purchased from the Commonwealth by the condemnee, moved to another location prior to the trial, and substantial alterations and additions had been made.

In the instant case, the trial judge based his decision to refuse a jury view of the property on the following factors:

(1) The property to be taken was not marked by stakes;

(2) A jury view of the property would require a five-mile trip, a short distance of which would be on an unpaved road; and

(3) The jury view of the property would cause inconvenience and delay in the trial.

These factors are not the "unusual or extreme circumstances" contemplated by the *Hackworth* and *Jewell* cases, supra. The fact that the property to be taken is not. delineated by stakes or flags is of no particular consequence, since these details may be established for the jury by testimony. Cf. Commonwealth, Department of Highways v. Hamilton, supra. Obviously, a five-mile excursion to the property site is not analogous to the physically impossible "journey of two miles or more over fences and rough terrain", considered in the *Jewell* case, supra. Finally, the delay in the trial of the instant case, which may be occasioned by a jury view of the property, is not such an unusual or extreme circumstance that would justify denying a jury view of the property.

In the instant case, the facts disclosed do not justify the trial judge's decision to disregard the mandatory provision of KRS 177.087(1).

Inasmuch as this case must be reversed for failure of the trial judge to permit a jury view of the property, we express no opinion on any other alleged irregularity complained of by the appellant.

The judgment is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

All concur.